# 𝕽𝖎𝖈𝖍𝖒𝖔𝖓𝖉.

## Tate v. Winfree.

### February 12, 1901.

1. Statute of Limitations—*Action by Surety Against Co-Surety for Contribution.*—The right of action of a surety who calls upon a co-surety for contribution is based upon the implied promise growing out of the equitable relations which the sureties bear to each other, and not upon the written contract by which they became sureties. The statute of limitations applicable to such a case is three years, and not the limitation which applies to the bond, note, or other writing which the surety has been compelled to pay.

Petition for appeal from a decree of the Circuit Court of the city of Lynchburg.

*Refused.*

*John H. Lewis* and *Caskie & Coleman,* for the petitioner.

By the Court:

The right of one surety to call upon his co-surety for contribution, like the rights of all sureties to call upon the principal for indemnity, arises from a principle of equity growing out of the relation which the parties have assumed towards each other. That equity springs up at the time of entering into that relation, and is fully consummated when the surety is compelled to pay the debt. *Wayland* v. *Tucker,* 4 Gratt. 267; 1 White & Tudor's Lead. Cases in Equity, 134.

The right of action in such case is based upon the implied promise arising from the equitable relations which the sureties

bear to each other, and not upon the written contract by which they became sureties. The statute of limitations applicable to such a case is three years, and not the limitation which applies to the bond, note or other writing which they have been compelled to pay. Section 2920 of the Code. See *Faires* v. *Cockrell,* 28 L. R. A. 528.

*Appeal denied.*