# Richmond

## JOHNNY F. MCKAY AND WILBUR JONES V. CITIZENS RAPID TRANSIT COMPANY.

May 1, 1950.

Record No. 3634.

Present, All the Justices.

The opinion states the case.

*Jones, Blechman & Woltz*, for the plaintiffs in error.

*Phillips, Marshall & Blalock*, for the defendant in error.

GREGORY, J., delivered the opinion of the court.

The Citizens Rapid Transit Company brought an action to recover damages paid by it in a compromise settlement of another action brought by Edna L. Patrick against said company, Garner, its agent, Johnny F. McKay, and Alexander McGill, for injuries she received while a passenger in a bus of the company when its bus collided with the trailer truck owned by McGill and operated by McKay. McGill and McKay were non-residents and all of the defendants were alleged to have been joint tort-feasors. When the case came on for trial on January 9, 1948, a compromise settlement of $10,000, admittedly fair, reasonable and in good faith, was reached by the transit company and Mrs. Patrick, and that case was dismissed, but prior to the dismissal the transit company demanded of McKay and McGill that they make a fifty per cent contribution to the $10,000 compromise settlement. This they refused.

Wilbur Jones, a non-resident of Virginia, living in North Carolina, was learned to be the lessee and operator of the trailer truck belonging to McGill. He was not a defendant in the original suit brought by Mrs. Patrick. The transit company demanded of Jones that he contribute fifty per

cent of the $10,000 agreed to be paid Mrs. Patrick. He failed to make contribution. The transit company gave its check to Mrs. Patrick on the 5th day of February, 1948, for the agreed amount, and on the 17th day of February, 1948, the transit company filed its notice of motion for judgment, the present proceeding, against McKay, McGill, and Wilbur Jones, for contribution in the sum of $5,000. They were alleged to be joint tort-feasors and were served as non-residents under the provisions of section 2154(70) of the Code, 1942 (Michie), (section 8-67.1 of the Code of 1950).

On the return date of the notice the defendants appeared specially and moved to quash the process, alleging that the said Code section had no application. This motion to quash was promptly overruled. Thereupon the defendants filed a plea of the statute of limitations, alleging that the right of action accrued more than one year before the commencement of the action. The said plea of the statute of limitations was rejected.

Separate demurrers were filed by the defendants and grounds assigned, and these were overruled.

On the 23rd day of September, 1948, counsel for all parties stipulated that the payment of $10,000 to Mrs. Patrick was made by the check of the transit company and with the prior approval of its insurance carriers, Peerless Casualty Company and Globe Indemnity Company; that prior to the institution of the instant action the transit company was reimbursed by said insurance carriers in the amount of $10,000.

On the 23rd day of September, 1948, the transit company sought leave to amend its notice of motion by inserting therein the following language: "This action for contribution is brought by Citizens Rapid Transit Company in its own right and for the use and benefit of Peerless Casualty Company, and Globe Indemnity Company, which, in equal proportions, reimbursed it for the aforesaid compromise settlement payment made to Mrs. Patrick."

The foregoing amendment was allowed over the objec-

tion of the defendants. Again demurrers were filed to the amended notice, assigning as the principal ground that the said insurance carriers were not, as to the defendants, joint tort-feasors and that their relation to the plaintiff was purely contractual. The demurrers were overruled and a trial by jury was had. The case was dismissed as to McGill, and the jury found a verdict against Johnny McKay and Wilbur Jones in favor of the plaintiff for $5,000, which the court approved.

As previously stated, McKay and Jones were served with process under Code, 1942 (Michie), section 2154(70), (Code, 1950, section 8-67.1). They contend that this statute has no application and that the process was void. With this contention we cannot agree. We think the statute by express terms specifically covers a situation of this kind and authorizes such process and service thereof. We fail to understand how this contention could be made in the light of the express language of the statute.

At the time the suit of the transit company against the defendants was instituted more than one year had elapsed from the date of the accident to Mrs. Patrick. For this reason the defendants filed a plea of the statute of limitations in which it is asserted that the action of the transit company was barred by Code, 1942 (Michie), section 5818, (Code, 1950, section 8-24).

The plaintiffs in error rely upon *United States Fidelity Co.* v. *Blue Diamond Coal Co.*, 161 Va. 373, 170 S. E. 728, in support of their plea of the one year statute of limitation. There, under section 12 (Code of 1930, section 1887(12)) of the Workmen's Compensation Act we held that where an employee is injured by a third party, such third party is in no way liable to the employee under the Workmen's Compensation Act; that his liability is merely that of a tort-feasor and under Code, 1942 (Michie), section 5818, unless the injured employee brings his action against the third party within one year from the time the injury was inflicted his right of action is barred. In the case at bar the

Workmen's Compensation Act has no application. Here we are considering the right of insurance carriers, who have indemnified the transit company for the damages it paid to Mrs. Patrick, to enforce contribution against a wrongdoer who was in part responsible for the injury to Mrs. Patrick. In the *Blue Diamond Case*, which neither involved contribution nor subrogation, the cause of action against the wrongdoer arose at the time the employee was injured. In the case at bar the cause of action as to the transit company and its indemnitors did not arise until the $10,000 was paid Mrs. Patrick. Upon the payment by the indemnitors in the case at bar of the $10,000, they became subrogated to the right of contribution which had existed in favor of the transit company. This was a debt due by Jones and McKay to the insurance carriers after the latter had paid the $10,000.

Until the payment was made by the insurance carriers no right of contribution in their favor arose, and the statute of limitations could not begin to run until payment was made.

In *Consolidated Coach Corp.* v. *Burge,* 245 Ky. 631, 54 S. W. (2d) 16, 85 A. L. R. 1086, this pertinent language was used: "As long then as the injured passengers' rights to compensation remained undetermined the subordinate right of the bus company to contribution continued, and on payment of the compensation to the injured passengers by the owners of the bus, whether in satisfaction of judgments against it in favor of the injured passengers, or pursuant to a payment on compromises, its cause of action to enforce its right of contribution against the owner of the truck immediately accrued and existed until barred by the statute of limitations."

Kentucky has a contribution statute identical with that of Virginia. The North Carolina court in *Gaffney* v. *Lumbermen's Mut. Cas. Co.,* 209 N. C. 515, 184 S. E. 46, holds that indemnitors are not joint tort-feasors and may not enforce contribution under the North Carolina statute.

In 13 Am. Jur., Contribution, section 88, this is said: "Ordinarily, the statute of limitations does not commence to

run against the right to enforce contribution until a cause of action arises and the claimant's right of action accrues. Accordingly, in a simple action for contribution the statute of limitations begins to run against the claim of a party entitled thereto at, and not until, the time when the event occurs which throws an inequitable share of the common burden or obligation on him—usually the time when payment, discharge, or satisfaction in whole or in part of such obligation is made, or, as sometimes stated, from the date of the transaction out of which the right to contribution arises. It does not, therefore, begin to run from the time the common obligation is entered into, is renewed, or becomes due, or from the time when judgment is recovered upon it by the obligee. Nor does it begin to run from the time of a demand by the claimant for contribution. Moreover, according to the weight of authority the rule is the same notwithstanding the statute has barred the right of the creditor to recover from the defending co-obligor upon the original debt."

And in speaking of the accrual and nature of the right to contribution, the same text, under paragraph 50, states this general rule: "The general rules as to the accrual of the right of contribution in most instances govern the accrual of such a right where the parties involved are tort-feasors. The removal of a common burden by the party seeking contribution is essential—that is, he must, to recover, have borne more than his fair share of some burden which the other tort-feasors were equitably bound to share proportionately with him by reason of its having been imposed upon them all as parties in *aequali jure*."

Also see 149 A. L. R. 1186.

We therefore hold that the statute of limitations did not begin to run until the payment was made by the indemnitors through the transit company to Mrs. Patrick, and that even if the one-year statute could have applied, less than a year had expired before bringing this action. However, we are of opinion that the one-year statute has no application,

but that the cause of action in cases of this kind arises out of an implied promise to pay, and therefore the three-year statute of limitations would apply. 18 C. J. S., Contribution, sec. 13-b, p. 22; ·13 Am. Jur., Contribution, sec. 84, p. 75; *Houston* v. *Bain*, 170 Va. 378, 196 S. E. 657.

It is contended that our statute dealing with contribution between joint tort-feasors confers only a personal right to which the insurance companies cannot be subrogated, and that they were not joint tort-feasors. The Virginia statute allowing contribution among joint tort-feasors does not by its terms forbid subrogation to an insurer of a tort-feasor, nor does it in any way indicate that there is anything personal in the right of contribution conferred. In Virginia subrogation is allowed to nearly every right and there appears to be no sound reason for refusing its application to the right of contribution. In *Federal Land Bank* v. *Joynes*, 179 Va. 394, 18 S. E. (2d) 917, we said, "Virginia has long been committed to a liberal application of the principle of subrogation. See *Sands* v. *Durham*, 99 Va. 263, 38 S. E. 145, ·86 Am. St. Rep. 884, 54 L. R. A. 622, where Judge Whittle says, at p. 267: 'In no other jurisdiction has the doctrine been more firmly adhered to or more liberally expounded and applied, to meet the exigencies of particular cases, than in Virginia.' "

Unless the statute allowing contribution could be invoked in cases like the one at bar very unjust situations would result. There would be placed in the hands of the plaintiff in the original judgment action sole control over the right of contribution of the joint tort-feasor. If the plaintiff saw fit to make a joint tort-feasor a party defendant to the original judgment action then contribution would be allowed to another joint tort-feasor, but if arbitrarily the plaintiff in the original judgment action decided to make only one joint tort-feasor a party to the judgment action the other joint tort-feasor might be powerless to do so, and however joint the negligence might be, would be deprived of his right to contribution.

Under Code, 1942 (Michie), sections 5768 and 5143 (Code of 1950, sections 8-94 and 55-22), we think this action was properly brought. The indemnitors were assignees and the beneficial owners of the right of the transit company to enforce contribution against McKay and Jones, and they had the right to proceed in the name of the transit company for their own use and benefit. The right to enforce contribution granted by the statute is a chose in action. *First Nat. Bank* v. *Holland*, 99 Va. 495, 39 S. E. 126, 86 Am. St. Rep. 898, 55 L. R. A. 155. And there appears no logical reason why it is not capable of being assigned. The insurance carriers of the transit company became subrogated to the rights of its insured.

In the case of *J. Frank Dixon and Eddie Savage, Who Sue for the Benefit of Columbia Casualty Co.* v. *Thomas M. Owen*, where an application for an appeal was refused by this court in 1936 (Record No. 1771), we passed upon the identical point in issue here. The petition accompanying the application for appeal and the reply briefed the point very extensively, and the court, after oral argument, maturely considered the petition, reply, and the record in the cause, and refused an appeal. The facts in that case are almost identical with those in the instant case. There a chancery suit for contribution was brought by Dixon and Savage for the benefit of Columbia Casualty Company against Owen. There had been a collision of an automobile operated by Owen and one operated by Savage and owned by Dixon, and as a result, Whitehurst, a guest in the Owen car, was killed. His administrator sued Dixon and Savage, but did not sue Owen, for wrongful death, alleging negligence on the part of Dixon and Savage, and recovered a verdict and judgment of $6,000. Columbia Casualty Company was the insurance carrier on the Dixon car, and on August 15, 1932, it, for and on behalf of its assureds, Dixon and Savage, paid the judgment of $6,000 and costs. This payment was made by virtue of the terms of the insurance policy carried by the casualty company on the Dixon car.

The bill of complaint in that suit alleged that Owen's gross negligence was a contributing cause of the accident, and that he, as a joint tort-feasor, ought to be made to contribute to the complainants his share of the $6,000 judgment. Contribution was asked by virtue of Code, section 5779. It was also alleged that the insurance carrier was entitled to be subrogated to all of the rights of Dixon and Savage for contribution against Owen, which Owen at all times refused. The trial court entered a decree against Owen for one-half of the amount the carrier had paid the administrator. By refusing the appeal this court placed itself upon record as holding that in cases of this kind the insurance carrier or indemnitor who has paid the injured plaintiff the damages he may have sustained may proceed to enforce contribution against a joint tort-feasor. In that case the question of the statute of limitations was also decided in accord with what we have previously written on that subject, that is, that the statute does not begin to run until the insurance carrier, on behalf of its insured, pays the damages to the injured plaintiff.

A good deal is said about the court allowing an amendment bringing in the insurance carriers as parties plaintiff, but we fail to find any error in this procedure. It would seem that, under Code, 1942 (Michie), section 6104, (Code, 1950, section 8-119), the court was well within its authority in allowing the amendment.

It is now claimed for the first time that Code, 1942 (Michie), section 6102 (Code of 1950, section 8-96), prohibited the insurance carriers from becoming parties. However, it is conceded that this objection was not made in the court below. For that reason we are not permitted to consider the point.

We are of opinion that the judgment of the trial court should be affirmed.

*Affirmed.*