■ SECURED CASUALTY INSURANCE COMPANY, Appellant, v. BORIS SINELNIKOFF, Respondent.— In an action for a declaratory judgment, the appeal is from an order granting respondent's motion to vacate and set aside the service of the summons and complaint effected under section 52 of the Vehicle and Traffic Law. The action is for a judgment declaring the rights and legal relations of the parties arising out of an automobile liability policy, issued by appellant to respondent in Michigan, where respondent resides, and was instituted after respondent's car was involved in an accident in this State. Appellant seeks to disclaim liability under the policy on the ground that respondent misrepresented in the declarations the place where the automobile would be principally garaged. Order affirmed, with $10 costs and disbursements. In our opinion, the action is not one growing out of an accident involving the operation of a motor vehicle in this State, within the purview of section 52 of the Vehicle and Traffic Law, so as to permit service of process as therein provided. The action is not one in which a nonresident is required "to answer for his conduct in the State where arise causes of action alleged against him" (*Hess* v. *Pawloski*, 274 U. S. 352, 356) nor is it "a delictual action arising out of defendant's entry upon the State's highways and operating his motor vehicle thereon" (*Leighton* v. *Roper*, 300 N. Y. 434, 442). Section 52 is intended to provide a method whereby those who negligently operate a motor vehicle in this State may be brought into its courts to answer for the alleged results of such use. (*Hand* v. *Frazer*, 139 Misc. 446, 447, affd. on opinion below, 233 App. Div. 800.) Respondent's allegedly false representations have

no connection whatever with the automobile accident in this State; they were not made here; and appellant's right to a judgment in its favor depends on nothing which occurred here. Section 52 was not intended to apply to such a situation, and service of the summons and complaint thereunder was properly vacated. (Cf. *Feinberg* v. *Apone,* 201 Misc. 437; *Lindsay* v. *Short,* 210 N. C. 287.) Nolan, P. J., Wenzel, Beldock, Murphy and Kleinfeld, JJ., concur.