**GENERAL CASUALTY COMPANY OF AMERICA, a foreign corporation, Plaintiff,**

v.

**Gustave F. KELLER and Helene E. Keller, Defendants.**

**Civ. A. No. 57–C–124.**

United States District Court
E. D. Wisconsin.
Sept. 10, 1957.

Supplemental Opinion Sept. 19, 1957.

**452**

Suel O. Arnold and Dougherty, Arnold, Philipp & Murray, Milwaukee, Wis., for plaintiff.

Joe Francis, Tulsa, Okl., for defendant Gustave Keller.

James E. Driscoll, Seminole, Okl., and Sydney Eisenberg, Milwaukee, Wis., for defendant Helene E. Keller.

GRUBB, District Judge.

This matter is before the court on two motions: (1) A motion of defendants to transfer this cause for trial to the United States District Court for the Northern District of Oklahoma, and (2) A motion of plaintiff for temporary injunction and an order advancing the action for trial.

The complaint grounds jurisdiction on diversity of citizenship, the plaintiff being a Washington corporation, defendants being citizens and residents of Wisconsin. The complaint is for a declaratory judgment. In brief it sets out that defendant Gustave Keller was the holder of a policy of automobile liability insurance issued by the plaintiff; that in October 1952, while the policy was in effect, the defendant Helene Keller, while a passenger in the automobile of defendant Gustave Keller, received injuries on U. S. Highway 66 in the state of Oklahoma in a collision with a truck; that defendant Gustave Keller gave plaintiff a statement concerning the accident; that in 1954 defendant Helene Keller brought a suit against Gustave Keller and others in the state court in Oklahoma. That the plaintiff performed all the conditions of the policy; that the defendant Gustave Keller failed and refused to comply with the conditions of the policy and to cooperate with the plaintiff, and demanded on the day of trial of the case in the state court of Oklahoma that plaintiff settle the claim of defendant Helene Keller within the policy limits; that because of the failure of defendant Gustave Keller to comply with the terms of the policy, plaintiff is relieved of liability to defendant Gustave Keller under the policy and demands that the court declare that there is no liability of the plaintiff to the defendant Gustave Keller on the policy. That defendant Helene Keller procured a verdict in the state court of Oklahoma and is, therefore, a proper defendant in this action.

Defendants have not answered, but have stated at the time of oral arguments on the various motions and have set forth in their briefs that they, or at least one of them, intend to file a counter-claim alleging bad faith on the part of the plaintiff and negligence in the conduct of the defense and in failing to settle with defendant Helene Keller, and demanding judgment for the excess of the amount of the judgment obtained by Helene Keller in the Oklahoma action over and above the limits of protection afforded by the policy issued.

It appears from the motion papers and pleadings that not only did the accident occur in the state of Oklahoma, but the trial on the merits of the case between the defendant Helene Keller, as plaintiff, and the defendant Gustave Keller, et al., as defendants, was had in Oklahoma. It further appears that the attorneys who represented each of the parties to that action are residents of Oklahoma; the witnesses who testified at the trial, including police officers, the court reporter who took the testimony at the trial, in fact, all per-

sons who might give material testimony in this controversy, are residents of Oklahoma with the exception of the two defendants, who are residents of Wisconsin. The defendants have joined in the motion to transfer the cause under 28 U.S.C.A. § 1404 for the convenience of the parties and witnesses and in the interest of justice.

The court finds that it would be for the convenience of witnesses and in the interest of justice to have this action tried in Oklahoma. Aside from the defendants, who wish the case transferred, the record shows that there are no witnesses in Wisconsin and none outside of the state of Oklahoma. It is defendants' position that they will be subject to hardship in presenting the testimony of the Oklahoma witnesses in Wisconsin. There is no showing by the plaintiff of any substantial reason why this action should remain in the state of Wisconsin.

The court is of the opinion that there is every logical reason why the motion to transfer should be granted if the court has power to grant the motion. Defendants, if not restrained by this court, have the right to bring an action against the plaintiff in Oklahoma on the policy, defendant Helene Keller for payment of the judgment she has taken against the defendant Gustave Keller (assuming it has not been paid, and the record is silent on that point), and the defendant Gustave Keller for enforcement of his policy and for any claim that he may have for damages because of any alleged violation or breach of the terms of the policy by the plaintiff. Plaintiff fears the bringing of such actions in Oklahoma and that is the basis of plaintiff's motion for temporary injunction.

The court feels that the defendants have a right to bring action on this policy of insurance in Oklahoma, where the material witnesses reside and where the underlying events took place, if defendants so desire. Plaintiff's motion for temporary injunction or restraining order is hereby denied without prejudice to the renewal of the motion in the United States District Court for the Northern District of Oklahoma.

With reference to the motion to transfer the cause under 28 U.S.C.A. § 1404, the court finds that the convenience of witnesses and all of the parties, other than the plaintiff, and the interests of justice would be served if that motion is granted.

Section 1404(a) reads as follows:

"(a) For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."

The District Court in Oklahoma has jurisdiction over the subject-matter of the action; it is a transitory cause of action. The District Court in Oklahoma has jurisdiction *in personam* over the defendants if the defendants voluntarily make a general appearance in an action pending in that court. It is claimed that the action might not have been brought against the defendants in Oklahoma for the reason that they are residents of Wisconsin and service could not be obtained on them in Oklahoma. Obviously, service could have been obtained on them in Oklahoma if they were found there. It is the view of the court that the question goes to venue. Section 1404 relates to change of venue.

There have been cited to the court and the court found only three cases decided by Courts of Appeals on this question. Those cases are: Paramount Pictures, Inc., v. Rodney, 3 Cir., 186 F.2d 111, 113. As stated by Chief Judge Biggs in that opinion, "A venue statute gives a 'personal privilege' to a defendant which he may assert or waive at his election. Commercial Casualty Ins. Co. v. Consolidated Stone Co., 278 U.S. 177, 179, 49 S.Ct. 98, 73 L.Ed. 252, * * *" Anthony v. Kaufman, 2 Cir., 193 F.2d 85, and In re Josephson, 1 Cir., 218 F.2d 174. In the latter case, the problem is analyzed in great detail. It would serve no purpose for this court to re-analyze the analysis made by the Court of Appeals in that decision. The basic principle

involved is that by making this motion, the defendants consent to the jurisdiction of the District Court of Oklahoma and waive any objection that they might otherwise have on the ground that the action might not have been brought there because they could not normally be served there.

■ Counsel for the defendants also urge that this action could have been brought in Oklahoma because it involves the use of public highways of that state by a non-resident of that state. 47 O.S. A. § 391, being the Non-resident Motorist Statute, is concerned with obtaining process in cases involving automobile accidents, and particularly paragraph (b) of that statute which covers "all summons or original notices of suit pertaining to such actions and proceedings, * * *" Neither counsel have cited any Oklahoma decision construing this statute in that regard. There is no showing that the defendant Helene Keller operated an automobile in Oklahoma and thereby came under the statute. There is authority in some jurisdictions that, under their particular Non-resident Motorist Statutes, actions can be brought on contracts for indemnification and actions by one tort feasor against another for contribution. Dart Transit Co., Inc. v. Wiggins, 1 Ill.App.2d 126, 117 N.E.2d 314; McKay v. Citizens' Rapid Transit Co., 190 Va. 851, 59 S.E.2d 121, 20 A.L.R.2d 918; Contra: Secured Casualty Insurance Co. v. Sinelnikoff, 1 A.D.2d 1036, 152 N.Y.S.2d 15.

The court feels that because defendant Helene Keller is not shown to have driven an automobile on the highways of Oklahoma and because the Oklahoma statute is narrower than some of the others, that this would not be grounds for getting service on both defendants in this action in Oklahoma under its Non-resident Motorist Statute.

Counsel for defendant Gustave Keller is directed to prepare an order in conformity with this decision, submitting it to plaintiff's counsel and counsel for the defendant Helene Keller for approval as to form only.

Supplemental Opinion.

Since the opinion was filed in this case on September 10, 1957, the court has received the advance sheet of Federal Reporter, Second Series, dated September 9, 1957, and therein (245 F.2d 737), is printed a report of the case of Ex parte Blaski, wherein the Court of Appeals for the Fifth Circuit joins the Courts of Appeals for the First, Second and Third Circuits in the decisions cited in the September 10th opinion herein, in adopting the same rule on the question here raised.