# LAW AND CHANCERY COURT OF THE CITY OF NORFOLK

Government Employees Insurance Co.

v.

David V. Haffey

January 3, 1963

Case No. (Law) 6453

By JUDGE J. SYDNEY SMITH, JR.

The pertinent facts in this case briefly are as follows.

On June 18, 1960, an accident occurred between automobiles being operated by the defendant in the case at bar, David V. Haffey, and Rose D. Counter, an insured of the Government Employees Insurance Company, plaintiff herein.

Haffey was uninsured, and on September 24, 1960, the plaintiff insurance company paid the sum of $300.00 to its insured, Rose D. Counter, for personal injuries sustained by her in said accident, pursuant to the provisions of the Uninsured Motorist Law of Virginia; and on September 17, 1962, said Government Employees Insurance Company instituted the present action against said Haffey for indemnity for said amount, claiming subrogation to the rights of said Rose D. Counter against Haffey, pursuant to Section 38.1-381(f) of the Uninsured Motorist Act.

Haffey has pleaded the statute of limitations, claiming that this action is controlled by the two-year statute, being based essentially upon a tort claim, and is therefore barred.

The plaintiff insurance company claims that since it could not claim subrogation until it paid the claim to Mrs. Counter, the statute did not begin to run until September 24, 1960, the date of said payment, at which

time it became subrogated to the rights of Mrs. Counter, and that the three-year limitation under Section 8-13 applies, and this action, therefore, is not barred.

As stated in *Aetna Casualty and Surety Company* v. *Whaley*, 173 Va. 11, 17 (1939), the right of a surety to contribution accrues when the surety pays the obligation for which it is liable, and the time for enforcing said right begins at that time.

In the case of *Tate* v. *Winfree*, 99 Va. 255, 256 (1901), it was held that the right of one surety to call upon a co-surety for contribution is based upon an implied promise, and not upon the written contract by which they became sureties, and that in said case, the three-year statute of limitations applied, and not the limitation which applied to the bond, note or other writing which the surety had been compelled to pay.

In the case of *McKay* v. *Citizens Rapid Transit Co.*, 190 Va. 851 (1950), involving the right of contribution between insurance carriers, the statement appears at page 857 of the opinion as follows: "Until the payment was made by the insurance carriers no right of contribution in their favor arose, and the statute of limitations could not begin to run until payment was made."

While the author of the note in 47 *Va. Law Rev.* 176, upon the question of Uninsured Motorist Coverage, expresses the opinion that, if the insurer has settled the insured's claim without consulting the uninsured motorist, his right to indemnification from the uninsured motorist is barred two years after the insured's cause of action arose, this conclusion does not seem sound to this court, in view of the provisions and intent of the Uninsured Motorist Law of Virginia, and the decisions above referred to.

It is the conclusion of the court, therefore, that the case at bar is controlled by the three-year limitation under Section 8-13, and that the plea of the statute of limitations should be overruled.