## CIRCUIT COURT OF THE CITY OF VIRGINIA BEACH

Joseph L. C. Trower

v.

Jerry Meyers

November 16, 1967

Case No. (Law) 9843

By JUDGE GEORGE W. VAKOS

Plaintiff filed his motion for judgment to recover $6,334.78 with interest and costs, alleging the defendant was a joint tort-feasor with the plaintiff and as a result of their negligence, certain parties were injured and damages. Plaintiff further alleged that he has settled with the injured parties and is entitled to contribution from the defendant by reason of the settlement. The defendant in response to the motion for judgment filed a demurrer, motion to dismiss and answer and grounds of defense which specifically denied that any payment was made by the plaintiff, and affirmatively asserted that any such payments as were made, were made by plaintiff's liability insurance carrier, the Phoenix Assurance Company of New York.

Argument on the several motions of the defendant was heard by Judge Richard B. Kellam on June 9, 1967, at which time it was admitted that the funds for settlement were provided by the plaintiff's insurer and that any recovery in this action would be for the use and benefit of the Phoenix Assurance Company of New York. Defendant argued that since the plaintiff, Joseph L. C. Trower, had made no payments, he is not a real party in interest to this litigation and the only real party in interest

with a right to bring this cause of action is the plaintiff's insurer.

The right to contribution is covered by Section 8-627 of the Code of Virginia, 1950, as amended, which provides:

> *When contribution among wrongdoers enforced.*--Contribution among wrongdoers may be enforced when the wrong is a mere act of negligence and involves no moral turpitude.

It is a chose in action which may be assigned or to which an insurer may be subrogated. *McKay v. Citizens Rapid Transit Co.*, 190 Va. 851 (1950), *Nationwide Mutual Ins. Co. v. Jewel Tea Co.*, 202 Va. 527 (1961). To enforce contribution against a joint tort-feasor, a cause of action by the person injured against that wrongdoer must exist.

Defendant in his argument relies heavily on *Hudgins v. Jones*, 205 Va. 495 (1964), in which the Court at page 500 said:

> It was not error for the trial court to require plaintiffs to show in the caption of the case that this suit for contribution was brought by the plaintiffs for the use and benefit of Fidelity and Casualty Company of New York.

And further said:

> Plaintiffs specifically alleged in their bill that the insurance company had paid the compromise settlement to Mrs. Wagoner and that this suit was for the use and benefit of the Fidelity and Casualty Company of New York. It was thus obvious from the pleadings that Fidelity and Casualty Company of New York was a real party in interest. Cf. *Miller v. Tomlinson*, 194 Va. 367, 372, 373, 73 S.E.2d 378, 381, 382.

It appears that the *Hudgins* case is distinguishable from this case in that in the *Hudgins* case plaintiff

elected to allege in their bill that their insurer paid the compromise settlement and the action was being brought for the "use and benefit" of the insurance company, where here the plaintiff elected not to allege this fact and although under the contract of insurance the insurer was subrogated to the rights of the plaintiff, they elected not to institute this action in the name or for the "use and benefit" of the insurer.

Here the plaintiff and his insurer elected to bring this action in the name of the insured, the joint tort-feasor, and although the action is admittedly brought for the use and benefit of plaintiff's insurer, no such allegation was made by the plaintiff in his pleadings.

In *Miller v. Tomlinson*, 194 Va. 367 (1952), the court said at page 372:

> We do not intend to imply that it is not permissible in some instances to join as parties plaintiff an assignee. (*Norfolk, etc., R. Co. v. Jones*, 183 Va. 536, 32 S.E.2d 720). The history of the statute (Code, 1950, Sect. 8-94), however, shows that it was enacted primarily for the benefit, convenience and protection of the plaintiff or an assignee of the plaintiff, and not for the benefit or protection of the defendant whose rights are amply safeguarded. A reading of the following cases will tend to show the purpose of the legislation (Code, 1950, § 8-94, supra). . . .

I am therefore of the opinion the demurrer and motion should be overruled.