The **NORTH RIVER INSURANCE COMPANY**, Appellee,

v.

**Joseph Henry DAVIS**, Appellant.

No. 11894.

United States Court of Appeals
Fourth Circuit.

Argued March 6, 1968.

Decided March 14, 1968.

J. Sloan Kuykendall, Winchester, Va. (Kuykendall & Whiting, Winchester, Va., on brief) for appellant.

Rufus G. Coldwell, Jr., Richmond, Va. (Browder, Russell, Little & Morris, Richmond, Va., on brief) for appellee.

Before HAYNSWORTH, Chief Judge, WINTER, Circuit Judge and RUSSELL, District Judge.

PER CURIAM:

In this diversity action, The North River Insurance Company ("North River") successfully obtained judgment against Davis for contribution of one-half of the aggregate amounts it paid in settlement of wrongful death and personal injury claims arising out of a multi-car accident in which Davis and North River's insured, Glenn E. Schwartz, were involved. Va.Code § 8–627. North River is a New York corporation. The defendants originally named were citizens of Virginia and Georgia, respectively; but prior to submission of the case to the jury, the action was discontinued against the Virginia defendant, and proceeded only against Davis, who was the Georgia defendant. The accident occurred near Winchester, Virginia, in the Western District of Virginia.

On appeal, Davis renews his contentions, rejected by the district judge, that the court lacked venue, that the action was barred by limitations, that there was insufficient evidence to support the judgment, and that there was error in the failure to instruct the jury on the doctrine of sudden emergency, notwithstanding the absence of any request for such instruction.

The district judge correctly concluded that venue lay in the Western District of Virginia, if at all, by virtue of then 28 U.S.C.A. § 1391(f) which permitted "[A] civil action on a tort claim arising out of the * * * ownership, main-

tenance, use, or operation of an automobile" to be brought in the judicial district wherein the act or omission complained of occurred.* We think the district judge also correctly concluded that § 1391(f) did apply because the action was an "action on a tort claim," notwithstanding that in determining the applicable Virginia statute of limitations, the Virginia Supreme Court has held that a suit for contribution among tortfeasors "arises out of an implied promise to pay" and is, therefore, governed by the Virginia statute of limitations for action *ex contractu*. McKay v. Citizens Rapid Transit Co., 190 Va. 851, 59 S.E.2d 121, 20 A.L.R.2d 918 (1950).

We agree with the district judge that an action for contribution is essentially a tort claim, not only because it arises from the alleged commission of a tort, but because of the nature of the proof necessary to sustain it. There is nothing in the legislative history of § 1391(f) to suggest that it be limited to an action such as one which might have been brought by a person, not a citizen of Virginia, injured in the Western District of Virginia against two tortfeasors, neither of whom was a citizen of Virginia; and, indeed, the express purpose of Congress to simplify trial procedure in tort cases between non-residents by permitting as a forum for litigation the jurisdiction where the witnesses would most likely be readily available would be served by treating a suit for contribution as an "action on a tort claim." We so hold.

The *McKay* case, supra, is not in conflict; it was concerned with state policy and state law and involved no question of federal policy of any concern to Virginia. *McKay*, however, does dispose of Davis' defense of limitations since it is not disputed that the suit was instituted within three years after North River settled the litigation instituted for death and personal injuries.

* 28 U.S.C.A. § 1391(f) has now been repealed and its provisions made part of 28 U.S.C.A. §§ 1391(a) and (b).

We need not discuss Davis' other contentions. They were correctly disposed of by the district judge in his opinion denying Davis' motion for judgment n. o. v.

Affirmed.