**Ruby W. LAWS, also known as Ruby W. Carter, Plaintiff**

v.

**Milton F. SPAIN and Continental Can Company, Inc., Defendants.**

**INSURANCE COMPANY OF NORTH AMERICA, Plaintiff**

v.

**VIRGINIA FARM BUREAU MUTUAL INSURANCE COMPANY, Defendants.**

**Civ. A. Nos. 42–70–NN, 88–70–NN.**

United States District Court,
E. D. Virginia,
Newport News Division.

Sept. 30, 1970.

H. Armistead Boyd, Richmond, Va., and James B. Martin, Gloucester, Va., for Laws and Insurance Co. of North America.

Lewis H. Hall, Jr., Newport News, Va., and J. E. Pointer, Jr., Gloucester, Va., for Milton F. Spain, Continental Can Co., Inc. and Virginia Farm Bureau Mutual Insurance Co.

MEMORANDUM

WALTER E. HOFFMAN, Chief Judge.

These actions pertain to the attempts, on both sides, to inject the names of the respective liability insurance carriers into the cases for contribution between joint tort-feasors under Virginia law. It is readily acknowledged that a statement indicating a controversy between insurance carriers would perhaps have some bearing on the verdict of the jury.

The facts are not in dispute. On July 17, 1965, in Gloucester County, Virginia, one Henry C. White was riding as a guest passenger in an automobile driven by Ruby W. Laws, when this vehicle collided with a car operated by Milton F. Spain, allegedly as the agent of Continental Can Company, Inc.[1] As a result of the accident, White was seriously injured and on November 18, 1965, he instituted an action against Laws and Spain in the Circuit Court of Gloucester County.

The vehicle operated by Laws was insured as to liability with Insurance Company of North America. The automobile operated by Spain was covered under a liability policy issued by Virginia Farm Bureau Mutual Insurance Company. Their respective counsel appeared for the named insureds in the state court action.

As the trial date approached, efforts were made to settle the litigation by counsel for Laws and Insurance Company of North America. At all times counsel for Spain and Virginia Farm Bureau Mutual Insurance Company were kept fully advised of the negotiations and, at this time at least, there can be no issue as to the reasonableness of the settlement. Counsel for Spain declined to contribute to the settlement and, fi-nally, Laws—through her insurance carrier—paid the sum of $18,000.00 to Henry C. White. The order of the state court dismissing the action reserved to Laws the right of contribution under Virginia law, and counsel for Spain and Virginia Farm Bureau Mutual Insurance Company concede that the right of contribution was properly reserved with their knowledge and consent.

On June 12, 1969, Civil Action No. 42–70–NN was filed in the name of Laws against Spain and Continental Can Company, Inc. Initially the question of jurisdiction was raised by Spain, et al., contending that the amount in controversy did not exceed $10,000.00, exclusive of interest and costs. This issue was determined adversely to Spain, et al., in an opinion by District Judge Kellam filed February 24, 1970, 312 F.Supp. 315. Spain, et al., then filed a motion to require that Insurance Company of North America be added as a party plaintiff for the reason that the insurance carrier is the real party in interest. It is agreed that the insurance carrier is the real party in interest. It is agreed that the insurance carrier paid the entire sum of $18,000.00, plus counsel fees and expenses, and that Ruby W. Laws has no financial interest in any recovery by way of contribution.

Counsel for Spain, et al., rely upon McKay v. Citizens Rapid Transit Co., 190 Va. 851, 59 S.E.2d 121, 20 A.L.R.2d 918, wherein Citizens Rapid Transit, having paid $10,000.00 to an injured passenger, was granted leave to amend its complaint to allege that the action for contribution was instituted by Citizens Rapid Transit for the use and benefit of two insurance carriers who reimbursed the transit company for the entire sum of $10,000.00.[2] The Supreme Court of Appeals of Virginia, relying

---

1. While the pleadings indicate a denial of Spain's agency, this point is not material and is expressly not determined. For the purpose of this memorandum, we will assume that Spain was on business of Continental Can Company at the time of the accident.

2. This was apparently a direct payment and not by way of a "loan receipt." We

upon Dixon, et al. v. Owen, a prior case in which a writ of error had been refused, stated that such an amendment was entirely proper. The only distinction between the case at bar and *McKay* is that, in the present case, Spain's motion is to require the disclosure of the real party in interest.

We need not consider the possible effect of Section 8–96 of the Code of Virginia, 1950, which provides in part:

"Nothing in this section shall be construed to permit the joinder, or addition as a new party, of any insurance company on account of the issuance to any party to a cause of any policy or contract of liability insurance, or on account of the issuance by any such company of any policy or contract of liability insurance for the benefit of or that will inure to the benefit of any party to any cause."

 The present action was brought in the federal court in the name of Ruby W. Laws by counsel for Insurance Company of North America. Rule 17(a), Federal Rules of Civil Procedure, provides that "[E]very action shall be prosecuted in the name of the real party in interest." Since we are dealing with a procedural matter, the Virginia statute is inapplicable. The action filed in the name of Ruby W. Laws should be amended to read "Ruby W. Laws who sues for the benefit of Insurance Company of North America." [3]

When the foregoing issue was raised by counsel for Spain, et al., a second action was brought by Insurance Company of North America v. Virginia Farm Bureau Mutual Insurance Company, same being Civil Action No. 88–70–NN. We now reach the question as to whether the real party in interest can proceed directly against the insurance carrier for

Spain and Continental Can Company, Inc.

Plaintiff here relies upon American Employers' Ins. Co. v. Maryland Casualty Co., 218 F.2d 335 (4 Cir., 1954), and Nationwide Mutual Insurance Co. v. Jewel Tea Co., 202 Va. 527, 118 S.E.2d 646 (1961). While it is true that the latter case was a contribution action with Nationwide suing as subrogee, the opinion also stated, "It is, however, necessary that the injured person have a cause of action against the tort-feasor from whom contribution is sought." In the present case the alleged tort-feasor is Spain, not Virginia Farm Bureau Mutual Insurance Company.

In considering American Employers' Ins. Co. v. Maryland Casualty Co., supra, we believe that there is a factual distinction in that judgments had already attached and, while the opinion does not expressly so state, the rights of the respective insurance companies had attached to these judgments.

In Hudgins v. Jones, 205 Va. 495, 138 S.E.2d 16, the precise question here presented was discussed. The Supreme Court of Appeals of Virginia said:

"The case of *American Employers' Ins. Co. v. Maryland Casualty Co.*, 4 Cir., 218 F.2d 335, relied upon by the plaintiffs for making Allstate a party, is not controlling here. There liability of the insured had already been determined and the insurer refused to pay its insured's share of the joint judgment because of a policy defense. In the present case the liability of Jones, Allstate's insured, had not been determined. Thus the action of the plaintiffs in making Allstate a party defendant to this proceeding was premature."

The court went further and stated that it was not error for the trial court to re-

---

do not intimate whether the situation would be any different if a "loan receipt" had been used.

3. We avoid the question of disclosing the name of an insurance carrier as a party plaintiff where the individual plaintiff has a remaining valid interest in a portion of the recovery sought.

quire the plaintiffs to show in the caption of the case that this suit for contribution was brought by the plaintiffs for the use and benefit of Fidelity and Casualty Company of New York. Since *Hudgins* was decided after the enactment of Sec. 8–96 of the Code of Virginia, 1950, we must assume that the cited statute has no application to a situation where the *sole* real party in interest is an insurance company prosecuting the contribution suit between tort-feasors. However, as heretofore indicated, Rule 17(a), Federal Rules of Civil Procedure, is controlling in the present case.

In oral argument, the case of Hudgins v. Jones, supra, was not mentioned by counsel. It is, however, dispositive of the issues here presented. Moreover, if a direct action by way of contribution is now permitted against Spain's liability insurance carrier, it would provide a device by which one tort-feasor could inject the issue of insurance in the trial of a case to a jury. If defendants A and B are sued by C as alleged tort-feasors, it is entirely possible that A is a wealthy man known as such in the community, whereas B may be recognized as poor and unlikely to be protected by liability insurance. A's insurance carrier, with knowledge of these facts and the apparent effect upon a jury, settles with C and then files an action for contribution directly against B's insurance carrier. This is what is done in direct action statute states such as Louisiana but, as was said in *Hudgins*, "[A]ny liability that the insurance company may have to any of the parties to this suit exists only by virtue of its policy of insurance issued to Jones and is purely contractual," and "[U]nder the terms of the insurance contract, the company had no liability to pay damages until it had been determined that Jones was negligent in the operation of his car and that such negligence was a contributing or concurring cause of the collision."

█ Holding that American Employers' Ins. Co. v. Maryland Casualty Co.,

supra, is limited, insofar as the direct action was permitted, to situations in which a judgment has been obtained, it follows that Civil Action No. 88–70–NN, the direct action against Virginia Farm Bureau Mutual Insurance Company, must be dismissed as premature, but without prejudice to the rights of the plaintiff therein to proceed against the same defendant if and when a final judgment is rendered in behalf of the plaintiff in Civil Action No. 42–70–NN and remains unpaid.

Orders may be presented in each of said cases in accordance with this memorandum.