# CIRCUIT COURT OF THE CITY OF ALEXANDRIA

First American Title Insurance Co.

v.

Jan David Brown
and Velma F. Brown

December 4, 1979

Case No. (Law) 5543

By JUDGE ALBERT H. GRENADIER

The plaintiff brings this action as subrogee of United Virginia Bank/National and its trustees against the defendant purchasers of real estate to recover the sum of $4,768.08 paid by the plaintiff under a policy of title insurance to the City of Alexandria for back taxes, penalties and interest. In addition to its answer and grounds of defense, the defendants have filed a motion for summary judgment, alleging that the motion for judgment does not allege that the plaintiff's subrogor disbursed any funds which would give rise to the right of the plaintiff to bring this action as subrogee.

There are two basic issues involved in this case: 1. Whether the plaintiff may claim the right of subrogation when its negligence occasioned the loss; and 2. Whether the plaintiff is subrogated to the rights of the lender when it, and not the lender, actually pays the loss.

As a general rule, upon payment of a loss an insurer is entitled to be subrogated to any right of action which the insured may have against a third person whose negligence or wrongful act caused the loss. *McKay v. Citizens Rapid Transit Company*, 190 Va. 851, 59 S.E.2d 121, 20 A.L.R.2d 918 (1950). The common law right of subrogation is based upon the equitable doctrine that the economic burden should be shifted to the party responsible for the loss. *Re Estate of Ito*, 50 Ill.App.3d 817, 365 N.E.2d 1309 (1977). The right of subrogation, however, is deriva-

tive and the subrogated insurer has no greater rights than those of the insured.

In this case the loss was occasioned by the negligence of the plaintiff and inured only to the benefit of the defendants' vendors. The Court is persuaded that under the principles set forth in *Coy v. Raabe*, 418 P.2d 728 (1966), and *Chicago Title Insurance Company v. Eynard*, 377 N.Y.S.2d 895 (1975), the right of subrogation should be denied the plaintiff in this case. The equitable right of subrogation should never be applied to allow the insurer to relieve itself from its own negligence and shift the economic burden to an innocent party.

Furthermore, under the terms of the deed of trust, the Bank is only entitled to reimbursement from the defendants for sums actually disbursed by it. In this case the only funds that were disbursed were paid by the insurer and not by the Bank. Under principles of contract law the deed of trust must be construed most strongly against the Bank and therefore against the insurer. *See Sherwood Trucking, Inc. v. Carolina Cas. Insurance Company*, 552 F.2d 568 (4th Cir. 1977). If the insured bank cannot claim reimbursement against the defendants it must follow that the plaintiff likewise cannot claim reimbursement.

Accordingly, the Court finds as a matter of law that the plaintiff cannot recover against the defendants in this case either under the equitable doctrine of subrogation or under the express language contained in the deed of trust. The motion for summary judgment will be granted.