FRED SCHILD, APPELLEE, v. WILLIAM SCHILD, JR.,
APPELLANT.

125 N. W. 2d 900

Filed January 24, 1964. No. 35532.

Holtorf, Hansen & Fitzke and Alfred J. Kortum, for appellant.

Wright, Simmons & Hancock, for appellee.

Heard before WHITE, C. J., CARTER, MESSMORE, YEAGER, SPENCER, BOSLAUGH, and BROWER, JJ.

YEAGER, J.

This is an action for damages for personal injuries sustained by Fred Schild, plaintiff and appellee, against William Schild, Jr., defendant and appellant, growing out of an accident which occurred on April 13, 1961, on a farm in Scotts Bluff County, Nebraska, operated by the

defendant. The case was tried to a jury and a verdict was returned in favor of plaintiff and against the defendant for $9,474.25. Judgment was rendered on the verdict. The defendant filed an alternative motion for new trial or for judgment notwithstanding the verdict. This motion was overruled. From the judgment and the order overruling the alternative motion for new trial or for judgment notwithstanding the verdict the defendant has appealed. The brief contains numerous assignments of error as grounds for reversal but attention will be directed only to those requiring consideration later herein.

There is no substantial dispute as to the facts which must be regarded as controlling in the determination which shall be made in this case.

The plaintiff and defendant are brothers who lived upon separate land areas not widely separated in Scotts Bluff County, Nebraska. To the extent necessary to state herein the plaintiff was engaged in farming and the raising of purebred cattle. The defendant was engaged in farming.

On April 13, 1961, the plaintiff came to the farm of the defendant for the purpose of having him cut some irons with an acetylene welder and cutting torch. After this and an additional cutting of metal had been accomplished, the defendant talked to him about a noise or vibration in a feed grinder of the defendant. On several earlier occasions he had discussed this noise or vibration with the plaintiff, which was heard when the grinder was in operation. After the cuttings of metal which have been mentioned had been completed the defendant asked the plaintiff if he had time to help find the cause of the noise. The plaintiff said he did have time.

The grinder was operated by a belt extending from a tractor located about 30 feet distant. Inside the grinder there was a fan having six blades which rotated when the grinder was in operation. The speed at which

the fan operated was not made certain but apparently it was at the same speed as the shaft of the grinder. The purpose of the fan was to expel ground grain from the grinder.

There had been examinations made from the outside of the grinder but the cause of the noise had not been discovered. The noise did not appear until high speed was attained. The noise had not interfered with the regular use of the grinder by the defendant prior to the accident.

For the purpose of attempting to ascertain the cause of the noise the plaintiff moved a truck to a point about 18 inches to one side of the grinder and took his position on the opposite side. The defendant then started the motor of the tractor and caused its speed to be increased to the maximum. During this interval the plaintiff was observing the grinder. When it reached the maximum speed the noise was heard. The motor was then stopped and the plaintiff of his own volition moved to the other side at a point between the grinder and the truck, and the defendant started the motor and again increased the speed to the maximum, when in a matter of seconds the noise was again heard, and almost at once there was a crash, the plaintiff threw up his hand, a hole was broken in the covering of the fan, something flew out, and the plaintiff was struck and sustained the injuries for which he seeks to recover damages in this action.

After the described incident, it was discovered that one blade of the blower fan had broken off and had disappeared. It was later discovered at a distance of about 43 steps from the grinder.

The contention of the plaintiff in his pleaded cause of action was that the defendant was guilty of negligence which was the proximate cause of the accident in that as the plaintiff was near to and listening to the grinder, the defendant negligently and carelessly increased the speed of the tractor so as to turn the grinder at a high, excessive, and dangerous speed and at a

speed greater than the grinder had been made to operate. This is the only charge of negligence made in the pleadings by the plaintiff against the defendant.

The legal status of the parties at the time of the accident requires consideration of the court in the determination of the question of whether or not there was, under the facts and circumstances, proof of the charge of negligence made against the defendant.

A theory of the defendant is that at the time the plaintiff was a licensee on the premises of the defendant, and on the other hand the theory of the plaintiff is that he was an invitee. The law imposes a duty of greater care for the protection of an invitee on premises than it does for a licensee.

Accuracy in definition does not flow from these words but in general it may be said that an invitee is a person who goes on the premises of another in answer to the express or implied invitation of the owner or occupant cn the business of the owner or occupant or for their mutual advantage. See Lindelow v. Peter Kiewit Sons', Inc., 174 Neb. 1, 115 N. W. 2d 776.

In general also it may be said that a licensee is a person who is privileged to enter or remain upon land by virtue of the possessor's consent, whether by invitation or permission. See Lindelow v. Peter Kiewit Sons', Inc., *supra.*

The owner of property owes to a licensee the duty only to refrain from injuring him by willful or wanton negligence or a designed injury, or by failure to warn of a hidden danger or peril known to the owner or occupant but unknown to or unobservable by the licensee in the exercise of ordinary care. Malolepszy v. Central Market, Inc., 143 Neb. 356, 9 N. W. 2d 474; Fentress v. Co-Operative Refinery Assn., 149 Neb. 355, 31 N. W. 2d 225; Wax v. Co-Operative Refinery Assn., 154 Neb. 805, 49 N. W. 2d 707.

The owner of property owes to an invitee the duty to observe and exercise for his protection the degree of

care, precaution, and vigilance which the circumstances justly and reasonably demand in order to protect him against injury or damage. Lindelow v. Peter Kiewit Sons', Inc., *supra*.

In the light of the evidence in the record and the decisions to which reference has been made herein, and the commonly accepted meaning of licensee and of invitee, it must be said that at the time of the accident the plaintiff was not a licensee. If he came within either classification it was that of an invitee. At the time he was engaged in action for and in behalf of the defendant at his instance and request.

The action here is of course one in tort and the rules relating to such actions are controlling. In a tort action an essential element is the existence of a duty imposed by statute or otherwise in favor of a party injured and on a party whose conduct produces the injury. 86 C. J. S., Torts, § 6, p. 926.

The gist of the tort action here is negligence on the part of the defendant. The negligence charged is that the defendant failed in the respect pleaded in his duty to observe and exercise the care, caution, and vigilance in the control of the speed of the grinder which the circumstances justly and reasonably demanded of him to protect plaintiff against injury and damage. This duty imposed upon the defendant the obligation to do that which an ordinarily prudent person would do, or to refrain from doing that which an ordinarily prudent person would not do under the same or like circumstances. Melcher v. Murphy, 149 Neb. 541, 31 N. W. 2d 411.

The burden was on the plaintiff to adduce evidence that the defendant failed to observe and exercise for the protection of the plaintiff the duty he owed to him as something more than a licensee. If there was not such evidence or not sufficiently such evidence then it was error for the court to fail and refuse to sustain the motion of defendant for judgment notwithstanding the verdict.

The rule applicable is as follows: "Where the facts adduced to sustain an issue are such that reasonable minds can draw but one conclusion therefrom, it is the duty of the court to decide the question, as a matter of law, rather than submit it to a jury for determination." Kohl v. Unkel, 163 Neb. 257, 79 N. W. 2d 405. See, also, Lindelow v. Peter Kiewit Sons', Inc., *supra*.

In the ascertainment of whether or not there was evidence of negligence in the area charged against or attributable to the defendant it becomes necessary to examine the acts or failure to act in the premises on the part of the plaintiff himself. The following appears in 65 C. J. S., Negligence, § 1, p. 314: "There is negligence only where no care is exercised to avert a risk to others which reasonably should be apprehended."

In 65 C. J. S., Negligence, § 45, p. 521, the following appears with regard to the duty owed to an invitee: "The owner, occupant, or person in charge of property owes to an invitee or business visitor the duty of exercising reasonable or ordinary care for his safety, commensurate with the particular circumstances involved, and is liable for injury resulting from breach of such duty although no element of lawlessness or wantonness enters into the act or omission complained of." This rule is adhered to in the decisions of this court. See, Long v. Crystal Refrigerator Co., 134 Neb. 44, 277 N. W. 830; Zimmer v. Brandon, 134 Neb. 311, 278 N. W. 502; Brown v. Davenport Holding Co., 134 Neb. 455, 279 N. W. 161, 118 A. L. R. 423.

In the instance here the evidence discloses nothing to indicate that there was a risk to the plaintiff of which the defendant knew or should reasonably have apprehended by causing or permitting the plaintiff to observe the grinder with the purpose of ascertaining the cause of the noise or vibration. There was nothing at all to indicate that a risk was involved in the inspection which was made by the plaintiff. The plaintiff had been in possession of knowledge of the situation as well as had the

defendant, and evidently by cooperation in the purposes of the defendant he made his inspection, and while so doing, this unforeseen and unanticipated event took place. The plaintiff was in possession of as much information at the time as was the defendant, and voluntarily, so far as the record discloses, took his position of his own accord and volition. Nothing had transpired which furnished an indication of danger. In truth no evidence appears the effect of which was to indicate or foretell the thing which happened. The defendant did nothing except that which he had been doing without incident, except for the creation of a noise and vibration in the grinder which had been true and known regularly for about 3 months. There is no evidence that the thing which happened could or should have been reasonably apprehended.

As pointed out the action is predicated upon excessive speed of operation of the grinder at the time. It is of course true that speed was an incident of the accident but there is no competent evidence of the rate of speed at the time. It was high but no satisfactory effort was made at its establishment.

By analysis it was made to appear that about 2 months earlier, with the motor used, it had a potential speed of 4,115 revolutions a minute, but there is no evidence as to potential speed at the time of the accident. It is argued that the speed was excessive because this was in excess of the designed speed. It is indicated that the appropriate or designed speed was from 3,000 to 3,400 revolutions a minute. The only evidence of this is testimony of the plaintiff that these speeds had been printed on the grinder and testimony of the defendant that they were covered up with paint before it was purchased secondhand by the defendant. There is no evidence that the defendant had any information of the speed prints. This evidence came into the record from the plaintiff and it appeared to be knowledge which he possessed before the accident, not from examination of this

grinder, but from what he observed on another like grinder long before this accident occurred.

The evidence discloses however that over the period of use before and up to the accident the operation was at high speed because of efficiency in performance, and that in such operation there was no indication that anything was wrong except that there was the noise or vibration which has been mentioned. The record indicates without controversy that the plaintiff was as fully informed as to cause as was the defendant. There is no evidence which could be regarded as a warning of the probability or possibility of danger or injury from the test and examination which resulted in the injuries the plaintiff sustained. There is no evidence that anything the plaintiff did was directed or commanded by the defendant, but on the contrary he apparently selected his own locations for observation.

In the light of the definitions of tort and negligence adverted to herein and the application of the undisputed evidence as to facts contained in the record here and the inescapable inferences to be drawn therefrom it must be said that the defendant was guilty of no act or failure to act which furnishes a basis of recovery of damages by the plaintiff from the defendant. The motion for judgment notwithstanding the verdict should have been sustained.

The judgment of the district court is reversed and the cause remanded with directions to sustain the motion for judgment notwithstanding the verdict.

REVERSED AND REMANDED WITH DIRECTIONS.