EDA V. ROAN, APPELLANT, V. JAMES BRUCKNER, APPELLEE.

143 N. W. 2d 108

Filed June 3, 1966. No. 36244.

Frost, Meyers & Farnham and Frederick J. Stoker, for appellant.

Gross, Welch, Vinardi, Kauffman & Schatz, for appellee.

Heard before CARTER, SPENCER, BOSLAUGH, BROWER, SMITH, and McCOWN, JJ., and SCHEELE, District Judge.

SCHEELE, District Judge.

This is an action in which plaintiff seeks to recover damages for personal injuries sustained by her on July 25, 1962, when she fell down the basement stairway in a house owned by defendant and leased by him to plaintiff's granddaughter, Joanne Schoenfeld.

The case proceeded to trial before a jury and at the conclusion of plaintiff's evidence, defendant moved for a dismissal or in the alternative for a directed verdict. The trial court sustained defendant's motion and dismissed the action. Plaintiff's motion for a new trial was overruled and plaintiff has perfected her appeal.

In sustaining defendant's motion to dismiss, the trial court made specific findings in substance, that plaintiff's status was that of a licensee on the premises; that the duties and liabilities of a landlord to persons on leased premises by invitation of the tenant are ordinarily the same as those owed to the tenant; that a landlord is not liable for bodily harm caused to his tenant, or others upon the demised land with consent of the tenant, by reason of any dangerous condition, whether natural or artificial, which existed when the tenant took possession, but only for wanton or willful acts or for failure to warn of a hidden peril or an unknown danger; that the condition on the premises was not a hidden peril or unknown dangerous condition and that plaintiff had knowl-

edge and notice of the condition; that defendant was not guilty of negligence; and that plaintiff's contributory negligence was the proximate cause of the accident.

Plaintiff assigns as error the findings and ruling of the trial court in dismissing her action and in overruling her motion for a new trial.

The undisputed evidence introduced by plaintiff at the trial may be summarized as follows:

On July 25, 1962, plaintiff who was 79 years old at the time, accepted the invitation of her granddaughter, Joanne Schoenfeld, to visit the latter's home at 3603 Corby Street, Omaha, Nebraska. The occasion was a family gathering attended by several of plaintiff's children and grandchildren. The invitation included giving plaintiff a home permanent. Plaintiff brought her own preparation and was given the home permanent by one of her daughters and several granddaughters in the kitchen of Joanne's home. After the permanent plaintiff offered her granddaughters some money to pay for the permanent and put some money on the kitchen table. There is evidence that the granddaughters did not accept the money. Neither Joanne nor her husband were in the hairdressing business nor did they or anyone else conduct any type of business in the home.

When plaintiff first arrived at the premises, for her first visit, Joanne showed her around the house and showed her the bathroom and unhooked and opened the door to the basement which adjoined the door to the bathroom. Plaintiff then commented on how steep the basement stairway was. In order to show the basement stairway to plaintiff it was necessary to unhook the door and after showing plaintiff the basement stairway, Joanne again hooked the door shut.

The basement door and bathroom door were practually identical. They were 6 inches to 8 inches apart, on the same level, and both swung inward. The door knobs were right together. Both were of the same white color. They were in the hallway between the

kitchen and dining room and there was no artificial light in the hallway although windows in an outside door in the hallway and in adjoining rooms admitted some natural light. Both doors opened inward. The basement door opened directly onto a flight of steps which had no landing or handrails. Light switches for both the basement stairway and bathroom were inside each door.

Shortly after the permanent was completed, plaintiff, who had been sitting at the kitchen table, asked Joanne where the bathroom was. Joanne said, "Around the corner." Plaintiff then came out of the kitchen, opened the hook on the basement door, took one step and disappeared in the stairwell, sustaining severe injuries in the fall. She did not recognize it was the door to the basement.

Joanne and her husband had rented the five room frame house from defendant in the spring of 1962. Defendant had purchased the house about 1949 and had lived in it about 10 years before renting it out. When he bought the house, it had a dirt basement with the entry to the basement on the outside. He remodeled the house about 1952 by building a wooden block foundation on the southern part of the house and adding a kitchen and bathroom, doing most of the work himself. He installed the hook on the basement door. No structural changes or remodeling were done after the premises were rented to Joanne and her husband. There were no changes in the doorways to the bathroom or basement and none were requested.

It is well established in this jurisdiction that: "In the absence of express contract to the contrary, a tenant takes demised premises as he finds them, and there is no implied warranty by the landlord that they are safe or fit for occupancy. * * *

"A landlord is under no duty to change the visible form and mode of construction of leased premises in order to make the premises safe for his tenant, nor is he bound to remove obvious sources of danger; as to

these the tenant assumes the risk. \* \* \*

"A landlord is not liable to his tenant for any defects existing in the demised premises at the time of the lease that are perceptible to the senses or that can be discovered by reasonable inspection or examination." Roberts v. Rogers, 129 Neb. 298, 261 N. W. 354.

In Van Avery v. Platte Valley Land & Investment Co., 133 Neb. 314, 275 N. W. 288, this court held: "It is therefore unquestionably the rule generally that guests and invitees of the tenant derive their right to enter upon the premises leased, through the tenant, and have the same but no greater right to proceed against the landlord for personal injuries resulting from alleged defects on the premises than the tenant has." See, also, Sipprell v. Merner Motors, 164 Neb. 447, 82 N. W. 2d 648.

In the latter case with reference to the lessee and others it was said: "Subject to specific exceptions, the lessor of land is not liable for bodily harm caused to his lessee, or others upon the demised land with the consent of the lessee or sublessee, by any dangerous condition, whether natural or artificial, which existed when the lessee took possession." See, also, Anderson v. Valley Feed Yards, Inc., 175 Neb. 719, 123 N. W. 2d 839.

Plaintiff complains of the trial court's finding that she was a licensee.

A licensee may be defined as a person who is privileged to enter or remain upon the premises of another by virtue of the possessor's express or implied consent, but who is not a business visitor.

A business visitor is a person who is expressly or impliedly invited or permitted to enter or remain on premises in possession of another for a purpose directly or indirectly connected with the business of the possessor or with business dealings between them.

In Von Dollen v. Stulgies, 177 Neb. 5, 128 N. W. 2d 115, this court said: "The law places those who come upon the premises of another in three classes: Invitees to whom an affirmative duty exists to anticipate their

presence and keep the premises safe; a licensee who comes on the premises by virtue of the possessor's consent, whether given by invitation or permission, to whom no duty is owed except not to willfully or wantonly injure; and, last, trespassers who are neither suffered or invited to enter. Lindelow v. Peter Kiewit Sons', Inc., supra; Malolepszy v. Central Market, Inc., supra."

In Lindelow v. Peter Kiewit Sons', Inc., 174 Neb. 1, 115 N. W. 2d 776, it is said: " 'An "invitee" is defined as a person who goes on the premises of another in answer to the express or implied invitation of the owner or occupant on the business of the owner or occupant or for their mutual advantage.' 65 C. J. S., Negligence 43 (1), p. 508. The same rule appears to be recognized in Restatement, Torts, § 332, p. 897. * * *

"The authorities cited and the cases clearly hold however that a license may result from an invitation making one a licensee or, on the other hand, may be such as to make one an invitee. The real difference is the purpose of the invitation. If the invitation relates to the business of the one who gives it or for the mutual advantage of both parties of a business nature, the party receiving it is an invitee. If it is an invitation for the convenience, pleasure, or benefit of the person enjoying the privilege it is only a license and the person receiving it is a licensee.

"Many courts speak of those who receive invitations for matters not connected with business as social guests. They are however but licensees. The matter is discussed in 38 Am. Jur., Negligence, § 117, p. 778. * * *

"It appears from an examination of the authorities that in order to be an invitee on the premises of another the invitation of the owner or occupant must be related with the business of the owner or occupant or to their mutual advantage."

While plaintiff in this case was on the premises as the result of an "invitation" in the layman's sense of that word, it would appear from the evidence that her legal

status was that of a licensee.

In the terminology adopted by some courts plaintiff would be described as the "social guest" in the home of her granddaughter. But even in those jurisdictions her legal status in circumstances similar to those presented here has been held to be that of a licensee. See Annotation, 25 A. L. R. 2d, § 2, p. 600, and § 3, p. 601.

The evidence in this case does not establish that the invitation related to the business of the one who gave it or for the mutual advantage of both parties *of a business nature*. Instead the evidence does establish that the invitation was for the convenience, pleasure, or benefit of the plaintiff. Therefore we hold that plaintiff was a licensee and not an invitee on the premises.

The evidence further establishes that when plaintiff first arrived on the premises she was shown the bathroom and basement doors which were adjacent and then she commented on how steep the basement stairway was. This visible form and mode of construction existed at the time of the lease and for many years prior thereto. The condition was perceptible to the senses and could be discovered by reasonable inspection or examination. Since the plaintiff was made aware of the condition the defendant had no duty to warn her of it.

In the light of our determination that the plaintiff was a mere licensee on the premises at the time of the accident and that no duty was owed her except not to injure her by willful and wanton conduct, it is unnecessary to discuss the other questions raised in this appeal. The district court came to the same ultimate conclusion by sustaining defendant's motion to dismiss. Its judgment is correct and is affirmed.

AFFIRMED.