**DANNY'S CONSTRUCTION COMPANY, INC., a Minnesota Corporation, Plaintiff,**

v.

**HAVENS STEEL COMPANY, a Missouri Corporation, et al., Defendants.**

Civ. No. 76–0–198.

United States District Court, D. Nebraska.

Sept. 12, 1977.

Harvey B. Cooper, Omaha, Neb., for plaintiff.

Eugene P. Welch, Omaha, Neb., for defendants Lutz, Daily & Brain.

Dennis E. Martin, Omaha, Neb., for defendant Havens.

## MEMORANDUM AND ORDER

DENNEY, District Judge.

This matter is before the Court upon the motion of defendants Fred J. Lutz, Jack Daily and the engineering firm Lutz, Daily & Brain to dismiss as to these defendants the cross-claim filed by codefendant Havens Steel Company.

This action arises out of the construction of a power plant for the city of Fremont, Nebraska. In its original complaint, Danny's Construction Company, Inc. sued the city of Fremont, Lutz, Daily & Brain and its individual partners, Havens Steel Company, a prime contractor for whom Danny's had agreed to subcontract part of the project, Allied Structural Steel Company, a subcontractor for whom Danny's had agreed to re-subcontract a portion of the project, and the sureties for Havens and Allied. The complaint essentially charges breach of contract, interference with Danny's' performance of its contracts, negligence, misrepresentation and breach of performance bonds.

With respect to Havens, plaintiff specifically alleges that Havens and the other defendants agreed to certain construction dates and schedules and represented that these would be followed, but that Havens and the others failed to adhere to such schedules. The complaint also asserts that Havens, by a variety of negligent acts and omissions, caused delays and interfered with Danny's' performance of its subcontracts and that Danny's provided labor and materials for which it has not been paid by Havens and the other defendants.

In its cross-claim against the city of Fremont, Fred J. Lutz, Jack Daily and the engineering firm [Filing # 164], Havens disclaims any negligence, breach of contract, breach of warranty or misrepresentation and alleges that if any such breach or tortious conduct occurred, it "was committed, made and caused directly" by defendants city of Fremont, the engineering firm

and its individual partners, and not by Havens. Havens seeks indemnity from its codefendants if it should be held liable to the plaintiff.

The Court finds that Havens has not stated a claim for indemnity and that the motion of Lutz, Daily & Brain and its partners [Filing # 165] to dismiss Havens' cross-claim against them should be granted.

The law of Nebraska concerning apportionment of liability among tortfeasors remains unsettled. In *Royal Indem. Co. v. Aetna Cas. & Sur. Co.*, 193 Neb. 752, 229 N.W.2d 183 (1975), the Nebraska Supreme Court allowed contribution among negligent joint tortfeasors when one has discharged more than his proportionate share of the loss caused by all. Whether the Nebraska court will apply principles of indemnity in appropriate cases to achieve an equitable apportionment of damages among wrongdoers is unclear. In *Melburn v. Walker*, 279 F.Supp. 740, 742 (D.Neb.1968), Judge Van Pelt of this Court stated:

This court is of the opinion that when the Nebraska Supreme Court is squarely presented with the issue of whether or not to allow indemnity, it will decide in favor of allowing it, if in fact it has not already been adopted in the decisions mentioned.

▪ However, it seems clear that non-contractual indemnity is to be denied to a tortfeasor whose conduct was actively or affirmatively negligent. *See Farmers Elevator Mut. Ins. Co. v. Am. Mut. Liab. Ins. Co.*, 185 Neb. 4, 173 N.W.2d 378 (1969).

This court does not appear to have passed on the question of indemnity to a passive joint tort-feasor against an active one and we find no reason to decide that question here. *Both joint tort-feasors being active wrongdoers, contribution[1] or indemnity cannot be maintained by one against the other.*

*Id.* at 14–15, 173 N.W.2d at 385. [Emphasis added.]

▪ Similarly, if a defendant's liability is based on actual wrongdoing, as opposed to constructive or technical fault, indemnity is barred. *See Tober v. Hampton*, 178 Neb. 858, 136 N.W.2d 194 (1965), citing *United Gas Corp. v. Guillory*, 206 F.2d 49 (5th Cir. 1953).

"Under Louisiana law, indemnity is restricted to cases where actual fault is attributed to one party and other party is only technically or constructively at fault, and indemnity is never applicable where both parties are actually in the wrong." We think most courts which permit indemnity between tort-feasors follow this rule. It appears from the record that the Gas Company was more than technically or constructively at fault and would not be allowed indemnity in those states which permit it, and it should not be permitted here.

*Id.* at 872, 136 N.W.2d at 203.

▪ Noncontractual indemnity applies to situations in which a person discharges a liability which has been imposed on him as a matter of law, but which, because of another's actual fault, should have been discharged by the other. *See* Restatement of Restitution § 76 (1937). A defendant whose liability to the plaintiff is constructive, vicarious or derivative, for example by virtue of the doctrine of respondeat superior, or because of some legal relationship with the plaintiff such as bailor/bailee, or by virtue of a nondelegable duty to the plaintiff imposed by statute or rule of law, may shift the entire burden of a judgment against him to a third party whose actual fault caused the plaintiff's injury. *See* Restatement of Restitution §§ 94, 95, 96 (1937); D. Busick, Contribution and Indemnity between Tortfeasors in Nebraska, 7 *Creighton L.Rev.* 182, 183, 201 (1974). Some jurisdictions define these distinctions in terms of passive and active fault. *See Schipper v. Lockheed Aircraft Corp.*, 278 F.Supp. 743 (S.D.N.Y.1968). However, the mere recitation of words such as active and passive at

---

1. As a result of *Royal Indem. Co. v. Aetna Cas. & Surety Co., supra,* contribution is now allowed among active wrongdoers.

strategic intervals in a cross-claim does not state a claim for indemnity.

 The essence of Havens' cross-claim is that it is not liable at all to the plaintiff and that if by chance a judgment should be rendered against it, the true culprits should be required to reimburse it. This amounts to a claim that in suing Havens, plaintiff has sued the wrong party. Havens has simply reasserted the defense raised in its answer [Filing # 28] that, "[i]f any loss or damages alleged by plaintiff were sustained, then they were proximately caused by the acts and/or omissions and negligence of other persons or corporation or entities for which defendant Havens [is] neither liable nor responsible." This language states a defense, not a claim for indemnity. *See McPherson v. Hoffman*, 275 F.2d 466, 469 (6th Cir. 1960); *McClish v. Niagara Machine & Tool Works*, 266 F.Supp. 987, 989 (S.D.Ind.1967); *Lewis v. Amchem Prod. Inc.*, 510 S.W.2d 46, 49 (Mo.App.1974).

If in the original action the Court should find that plaintiff's allegations of breach of contract or tortious conduct by Havens are true, Havens may not relitigate the same question of its own culpability in a separate claim against the codefendants. Havens does not suggest that if it is liable to the plaintiff, its culpability is constructive, technical or founded solely on rules of law which impose nondelegable responsibility without regard to active or actual fault. The plaintiff's complaint charges Havens with actual wrongdoing. The complaint and cross-claim are not susceptible to the interpretation that acts or omissions by others had the result of imposing purely derivative or vicarious liability upon Havens. Nor has Havens alleged a contractual right to indemnity from the cross-defendants.

Therefore, either Havens is blameless, in which case there would be nothing to indemnify, or Havens will be found liable for the actual and affirmative misconduct alleged by the plaintiff, in which case it will bear at least part of the burden of plaintiff's losses.

These conclusions would not preclude a cross-claim by Havens for contribution.

Contribution is limited to situations in which two or more persons acting concurrently incur a primary liability to another and one of them discharges more than his proportionate share. *See* Restatement of Restitution § 81 (1937). Havens would not be required to admit actual fault in order to maintain such a claim. The essence of a claim for contribution is that if one wrongdoer is found liable for the acts or omissions charged, others who shared in causing the plaintiff's loss should participate in compensating the plaintiff.

However, as the relief sought by Havens is clearly limited to indemnity,

IT IS ORDERED that the motion of Fred J. Lutz, Jack Daily and Lutz, Daily & Brain [Filing # 165] to dismiss the cross-claim of Havens Steel Company as to them is sustained.