**Martin G. MARKVICKA, etc., Plaintiff,**

v.

**BRODHEAD–GARRETT COMPANY, an Ohio Corporation, Defendant and Third-Party Plaintiff,**

v.

**J–LINE CORPORATION, Third-Party Defendant.**

Civ. No. 76–0–208.

United States District Court, D. Nebraska.

Sept. 13, 1977.

**206**

John T. Carpenter, Omaha, Neb., for plaintiff.

Melvin C. Hansen, Jr., Omaha, Neb., for defendant and third-party plaintiff.

Robert G. Fraser, Omaha, Neb., for third-party defendant.

## MEMORANDUM AND ORDER

DENNEY, District Judge.

This matter is before the Court upon the motion of third-party defendant, the School District of Ralston, to dismiss the third-party complaint against it filed by defendant and third-party plaintiff, Brodhead-Garrett Company.

This action was brought on behalf of a minor child who suffered severe injuries while using a jointer machine manufactured by the defendant. Plaintiff attributes his injuries to the defective design and condition of the jointer machine.

The defendant's third-party complaint against the School District of Ralston alleges that the accident occurred in the course of a woodworking class held by the third-party defendant and charges that the School District's improper maintenance of the machine and inadequate supervision of the students caused plaintiff's injuries.

The third-party complaint alleges a right to indemnity from the School District. However, the Court finds that the third-party complaint more accurately states a claim for contribution. The distinctions between contribution and indemnity, often difficult to apply, are well stated by D. Busick, Contribution and Indemnity between Tortfeasors in Nebraska, 7 *Creighton L.Rev.* 182 (1974) and cases cited therein.

Contribution and indemnity are two separate remedies which may be available to a tortfeasor who seeks to place all or part of the burden of a judgment upon his fellow tortfeasor. Contribution is based upon the common, though not necessarily identical, liability of two or more actors for the same injury. It equalizes the burden on the wrongdoers by requiring each to pay his own proportionate share of damages. Indemnity, on the other hand, enables one tortfeasor to shift the entire burden of the judgment to another. It tempers the harshness of the doctrines of respondeat superior and vicarious liability since it allows one who has been compelled to pay solely because of a certain legal relationship to shift the ultimate burden of the judgment to the actual culprit. *Id.* at 183.

.    .    .    .    .

In sum, Nebraska law seems to permit indemnity when it has been provided for in a specifically drawn contract or when liability has been imposed upon a party simply because of his legal relationship to the negligent party. It appears, however, that indemnity will not be allowed when both parties have been negligent to a certain degree. *Id.* at 201.

In *Royal Indem. Co. v. Aetna Cas. & Sur. Co.,* 193 Nev. 752, 229 N.W.2d 183 (1975), the Nebraska Supreme Court clarified the law of contribution among negligent joint tortfeasors in Nebraska.

We, therefore, hold that in this jurisdiction there is no absolute bar to contribution among negligent joint tort-feasors; and also, as in this case, that a right to equitable contribution exists among judgment debtors jointly liable in tort for damages negligently caused, which right becomes enforceable on behalf of any party when he discharges more than his proportionate share of the judgment. To the extent that *Tober v. Hampton, supra,* and *Farmer's Elevator Mut. Ins. Co. v. American Mut. Liability Ins. Co., supra,* contain language inconsistent with the rule announced herein, they are overruled. In all other particulars, those cases are hereby expressly reaffirmed. *Id.* at 764, 229 N.W.2d at 190.

Thus it is now clear that as between defendants against whom a joint judgment in tort has been rendered, contribution is allowed. The court did not directly rule as to contribution between negligent joint tortfeasors against whom judgments have not yet been rendered. However, the statement that "there is no absolute bar to contribution among negligent joint tortfeasors" would seem to envision contribution not only among those against whom a plaintiff has successfully obtained judgments but also among those whose liability remains to be fixed either in a third-party claim in the original plaintiff's suit or in an independent action for contribution by the original defendant.

The third-party complaint alleges a factual basis for contribution from the School District of Ralston should Brodhead-Garrett be found liable to the plaintiff. If the defendant's allegations are true, the School District's negligence was a concurrent cause of the plaintiff's injury.

Fed.R.Civ.P. 14(a) permits the joinder of a party who "is or may be liable" to the defending party for all or part of the plaintiff's claim. Where state law creates a right to contribution or indemnity among tortfeasors, the wrongdoer who has been sued by an injured party may implead his co-wrongdoers before the plaintiff successfully obtains a judgment. "The fact that contribution may not actually be obtained until the original defendant has been cast in judgment and has paid does not prevent impleader; the impleader judgment may be so fashioned as to protect the rights of the other tortfeasors, so that defendant's judgment over against them may not be enforced until the defendant has paid plaintiff's judgment or more than his proportionate share, whichever the law may require." 3 *Moore's Fed. Practice* § 14.11 at 14–322 (1976) *et seq.*

The defendant has alleged that if it was at fault in the design or construction of the jointer machine, so was the School District in its maintenance of the machine and supervision of the students. Both owed the plaintiff a duty of care.

Therefore, as the School District "may be liable" for contribution, it may be joined as third-party defendant in this action in order to determine its accountability. The fact that the defendant erroneously defined its claim as "indemnity" does not alter this conclusion. A claim should not be dismissed for insufficiency "unless it appears to a certainty that plaintiff is entitled to no relief under any state of facts which could be proved in support of the claim." *Morton Bldgs. of Neb., Inc., v. Morton Bldgs.,* 333 F.Supp. 187, 191 (D.Neb.1971). At this stage of the proceedings, the Court will grant the defendant leave to amend the third-party complaint to state the correct theory for its cause of action. Accordingly,

IT IS ORDERED that the motion of third-party defendant, the School District of Ralston, to dismiss the third-party complaint will be denied if, within ten (10) days hereof, the defendant, Brodhead-Garrett Company, amends its third-party complaint against the School District to allege a claim for contribution.