Bessie J. STRONG, Administratrix of the Estate of Carl R. Strong, Deceased, Plaintiff,

v.

The NEBRASKA NATURAL GAS COMPANY, a corporation, Defendant.

E. I. DuPONT de NEMOURS AND COMPANY, and Norton McMurray Manufacturing Company, a corporation, Defendants and Third-Party Plaintiffs,

v.

Louise T. HAMMOND, Third-Party Defendant.

Marcella D. VAN METER, Personal Representative of the Estate of William D. Van Meter, Deceased, Plaintiff,

v.

NEBRASKA NATURAL GAS COMPANY, a corporation, Defendant.

E. I. DuPONT de NEMOURS AND COMPANY, a corporation, Defendant and Third-Party Plaintiff,

v.

Louise T. HAMMOND, Third-Party Defendant.

Jacqueline Elaine WALLINE, Personal Representative of the Estate of James G. Walline, Deceased, Plaintiff,

v.

NEBRASKA NATURAL GAS COMPANY, a corporation, Defendant.

E. I. DuPONT de NEMOURS AND COMPANY, a corporation, Defendant and Third-Party Plaintiff,

v.

Louise T. HAMMOND, Third-Party Defendant.

Marcella D. VAN METER, Personal Representative of the Estate of William D. Van Meter, Deceased, Plaintiff,

v.

NEBRASKA NATURAL GAS COMPANY, a corporation, Defendant.

NORTON McMURRAY MANUFACTURING COMPANY, a corporation, Defendant and Third-Party Plaintiff,

v.

Louise T. HAMMOND, Third-Party Defendant.

Jacqueline Elaine WALLINE, Personal Representative of the Estate of James G. Walline, Deceased, Plaintiff,

v.

NEBRASKA NATURAL GAS COMPANY, a corporation, Defendant.

NORTON McMURRAY MANUFACTURING COMPANY, a corporation, Defendant and Third-Party Plaintiff,

v.

Louise T. HAMMOND, Third-Party Defendant.

Civ. Nos. 76–0–368, 77–0–443, 77–0–444, 77–0–455 and 77–0–456.

United States District Court, D. Nebraska.

July 26, 1979.

Stephen A. Davis, Omaha, Neb., for plaintiffs.

William M. Lamson, Jr., and Daniel P. Chesire, Omaha, Neb., for defendant, Du-Pont.

Lyle E. Strom and Mary J. Harper, Omaha, Neb., for defendant, Norton McMurray.

William J. Tighe, Omaha, Neb., for third-party defendant, Louise Hammond.

## MEMORANDUM

DENNEY, District Judge.

This matter comes before the Court upon the motions [Filings # 48 and # 49 in CV 76–0–368; Filing # 21 in CV 77–0–443; Filing # 21 in CV 77–0–444; Filing # 16 in CV 77–0–455; Filing # 17 in CV 77–0–456] filed by third-party defendant, Louise Hammond, to dismiss the third party complaints filed in the above captioned cases by E. I. DuPont de Nemours and Company [DuPont] and Norton McMurray Manufacturing Company [Norton McMurray].

*Background*

On January 10, 1976, an explosion occurred at the Pathfinder Hotel in Fremont, Nebraska. At the time of the explosion, Carl Strong, William Van Meter and James Walline, employees of the Nebraska Natural Gas Company, were at the hotel in the regular course of their employment, in response to a hotel employee's complaint of a gas odor in the building. Strong, Van Meter and Walline were killed in the explosion. Thereafter, various suits were filed by their personal representatives against DuPont and Norton McMurray, who, in turn, filed third-party complaints against Louise Hammond, the owner of the Pathfinder Hotel and a customer of the Nebraska Natural Gas Company.

Louise Hammond has filed various motions to dismiss the third-party complaints filed by DuPont and Norton McMurray. Briefly stated, she contends that neither DuPont nor Norton McMurray are entitled to contribution from her under the laws of the State of Nebraska. She further contends that Norton McMurray is not entitled to indemnification.

*Contribution*

Louise Hammond contends that there can be no right of contribution between DuPont and Norton McMurray and herself, in that they do not share a common liability to the plaintiffs for the deaths of the decedents. This contention assumes that the decedents while on the hotel premises were bare licensees, to whom no duty of care was breached by Mrs. Hammond. Thus, the main issue before this Court is whether the decedents were, under the laws of the State of Nebraska, invitees or licensees while on the hotel premises at the time of their deaths.

An invitee is a person who enters on the premises of another in answer to the express or implied invitation of the owner or occupant, on the business of the owner or occupant or for their mutual benefit. *Lindelow v. Peter Kiewit Sons', Inc.*, 174 Neb. 1, 8, 115 N.W.2d 776, 781 (1962). A business visitor or invitee is one who is expressly or impliedly invited or permitted to enter or remain on the premises in the possession of another for a purpose directly or indirectly connected with the business of the possessor or with business dealings between them. *Roan v. Bruckner*, 180 Neb. 399, 403, 143 N.W.2d 108, 111 (1966).

On the other hand, a licensee is a person who is privileged to enter or remain upon the land of another by virtue of the possessor's consent, whether by invitation or permission. *Schild v. Schild*, 176 Neb. 282, 286, 125 N.W.2d 900, 903 (1964). A licensee is on the premises of another for his own interest or gratification. He is exercising the privilege solely for his own convenience or benefit and does not stand in any contractual relation with the owner of the premises. *Malolepszy v. Central Market, Inc.*, 143 Neb. 356, 362–63, 9 N.W.2d 474, 478 (1943).

In this case, the determination of the decedent's status is crucial, in that the law imposes a duty of greater care for the protection of an invitee than it does for a licensee. *Presho v. J. M. McDonald Co.*, 181 Neb. 840, 842–43, 151 N.W.2d 451, 454 (1967). A property owner owes an invitee the duty to observe and exercise for his protection the degree of care, caution and vigilance which the circumstances justly and reasonably demand in order to protect him against injury or damage. *Schild v. Schild, supra*, 176 Neb. at 286–87, 125 N.W.2d at 903. There is an affirmative

duty to anticipate an invitee's presence and keep the premises safe. *Roan v. Bruckner, supra,* 180 Neb. at 403–04, 143 N.W.2d at 111, *quoting Von Dollen v. Stulgies,* 177 Neb. 5, 128 N.W.2d 115 (1964).

■ By contrast, the owner of property owes to a licensee the duty only to refrain from injuring him by willful or wanton negligence, or a designed injury, or by failure to warn of a hidden danger or peril known to the property owner but unknown to or unobservable by the licensee in the exercise of ordinary care. *Casey v. Addison,* 190 Neb. 634, 636, 211 N.W.2d 410, 411 (1973).

The Nebraska Supreme Court has not had the occasion to determine the status of a gas company employee who enters the premises in response to the owner's complaint of a gas odor. However, the Nebraska Supreme Court has held that policemen and firemen who enter on premises in response to an emergency call are licensees. *See Nared v. School Dist. of Omaha,* 191 Neb. 376, 215 N.W.2d 115 (1974) (policeman); *Wax v. Co-Operative Refinery Ass'n,* 154 Neb. 805, 49 N.W.2d 707 (1948) (fireman); *Fentress v. Co-Operative Refinery Ass'n.,* 149 Neb. 355, 31 N.W.2d 225 (1948) (fireman). By analogy, the third-party defendant argues that the Nebraska courts, when faced with this situation, would find the decedents to be bare licensees.

In light of the definitions developed by the Nebraska Supreme Court to aid in the determination of whether a person is considered to be an invitee or licensee, the Court is of the opinion that in this case the decedents were on the hotel premises as business invitees. The decedents were on the hotel premises at third-party defendant's express request, and for the mutual benefit of their employer, the Nebraska Natural Gas Company, and the third-party defendant. Their presence was advantageous to the third party defendant in that she clearly had a business interest in securing a safe and regular supply of gas for the hotel.

On the other hand, policemen and firemen are public servants performing a public duty. The gas company employees, at the time of their deaths, were not public servants performing a public duty.

In *Hendrix v. Phillips Petroleum Co.,* 203 Kan. 140, 453 P.2d 486 (1969), the Supreme Court of Kansas held that a distributor of propane gas who was on a homeowner's premises to make gas line repairs was, with respect to the homeowner, a business invitee. The *Hendrix* court found that the distributor was on the premises at the homeowner's request to perform services not only for his own financial gain but also for the homeowner's benefit. *Hendrix v. Phillips Petroleum Co., supra,* 203 Kan. at 146, 453 P.2d at 491–92. The Court notes further that other service personnel have been found to be entitled to the same duty of care as invitees. *Cudahy Packing Co. v. McBride,* 92 F.2d 737 (8th Cir.), *cert. denied,* 303 U.S. 639, 58 S.Ct. 526, 82 L.Ed. 1099 (1937) (meat inspector); *Schwartz v. Selvage,* 203 Neb. 158, 277 N.W.2d 681 (1979) (mailman); 28 A.L.R.3d 1344, 1348–50 (1969) (metermen); *see generally* W. Prosser, Law of Torts § 61, at 396 (4th ed. 1971).

■ Accordingly, the Court finds that the decedents were business invitees of Mrs. Hammond, the third-party defendant. She therefore owed them the duty of exercising reasonable care for their safety.

The Court, having determined the status of the decedents while on the premises of Mrs. Hammond, will now proceed to determine whether DuPont and Norton McMurray have stated a claim for contribution under Nebraska law.

In effect, both DuPont and Norton McMurray allege that the negligence of Mrs. Hammond was a concurrent cause of the deaths of the plaintiffs' decedents. They therefore contend that they are entitled to contribution. "Contribution is limited to situations in which two or more persons acting concurrently incur a primary liability to another and one of them discharges more than his proportionate share." *Danny's Constr. Co. v. Havens Steel Co.,* 437 F.Supp. 91, 94 (D.Neb.1977).

■ Under Nebraska law, contribution is now permitted among active wrongdoers. *Royal Indem. Co. v. Aetna Cas. & Surety Co.*, 193 Neb. 752, 764, 229 N.W.2d 183, 190 (1975); *see also Danny's Constr. Co. v. Havens Steel Co., supra*, 437 F.Supp. at 93 n.1; *Reese v. AMF–Whitely*, 420 F.Supp. 985, 987 (D.Neb.1976). While the Nebraska Supreme Court, in *Royal Indemnity*, did not directly address the issue of contribution between negligent tortfeasors against whom judgments have not yet been rendered, this Court, in *Markvicka v. Brodhead-Garrett Co.*, 76 F.R.D. 205, 207 (D.Neb. 1977), wrote:

> . . . , the statement that "there is no absolute bar to contribution among negligent joint tortfeasors" would seem to envision contribution not only among those against whom a plaintiff has successfully obtained judgments but also among those whose liability remains to be fixed either in a third-party claim in the original plaintiff's suit or in an independent action for contribution by the original defendant.

■ Therefore, in light of the Court's earlier discussion, it is clear that both DuPont and Norton McMurray have stated a factual basis for contribution from Louise Hammond, should they be found liable to the plaintiffs. To reiterate, the decedents were on the third-party defendant's premises as business invitees and were owed a duty of reasonable care. DuPont and Norton McMurray, in effect, allege that the third-party defendant's negligence was a concurrent cause of the explosion and subsequent deaths. If these allegations are true, the negligence of Louise Hammond would be a concurrent cause of the damage, and she would be jointly liable for the plaintiffs' decedents' injuries, since she owed them a duty of reasonable care. Such allegations state a claim upon which relief by contribution can be granted under Nebraska law. *See Markvicka v. Brodhead-Garrett Co., supra*, 76 F.R.D. at 207.

## Indemnity

■ Norton McMurray also claims that it is entitled to indemnification. Indemnity enables one tortfeasor to shift the entire burden of a judgment against him to a third party, whose actual fault caused the plaintiff's injury. *Markvicka v. Brodhead-Garrett Co., supra*, 76 F.R.D. at 206. In this respect, it differs from contribution, which generally involves a sharing of the loss between the negligent joint tortfeasors. D. Busick, *Contribution and Indemnity between Tortfeasors in Nebraska*, 7 Creighton L.Rev. 182, 183 (1974).

This Court has held that under Nebraska law noncontractual indemnity will be denied where a tortfeasor's conduct was actively or affirmatively negligent or where the tortfeasor's liability is based on actual wrongdoing as opposed to constructive or technical fault. *Danny's Constr. Co. v. Havens Steel Co., supra*, 437 F.Supp. at 93. In *Danny's*, the Court identified those situations where noncontractual indemnity might apply.

> Noncontractual indemnity applies to situations in which a person discharges a liability which has been imposed on him as a matter of law, but which, because of another's actual fault, should have been discharged by the other. *See* Restatement of Restitution § 76 (1937). A defendant whose liability to the plaintiff is constructive, vicarious or derivative, for example by virtue of the doctrine of respondeat superior, or because of some legal relationship with the plaintiff such as bailor/bailee, or by virtue of a nondelegable duty to the plaintiff imposed by statute or rule of law, may shift the entire burden of a judgment against him to a third party whose actual fault caused the plaintiff's injury.

*Danny's Constr. Co. v. Havens Steel Co., supra*, 437 F.Supp. at 93.

In support of its claim for indemnification, Norton McMurray points to the allegation contained in its third-party complaint which states in effect that the proximate cause of deaths of the plaintiffs' decedents was the active negligence of the third-party defendant, who had the last clear chance to prevent the injury. Based on this allega-

tion, Norton McMurray sets forth two possible approaches upon which a claim for indemnification can be upheld.

Norton McMurray contends that relief by indemnification can be granted under a "last clear chance—principal offender" approach. Norton McMurray states that it has been held that where one wrongdoer has the last clear chance to avoid an injury, it is the principal offender and must indemnify the other wrongdoer for any damages which it was obligated to pay to the injured party. In support of this statement, Norton McMurray relies on the case of *United States v. Savage Truck Line, Inc.,* 209 F.2d 442 (4th Cir. 1953). However, in *Savage,* the court placed heavy emphasis on both the *contractual* relationship between *Savage* and the *United States,* the party seeking indemnification, and the special considerations developed by law regarding the respective duties of a common carrier and a shipper. *United States v. Savage Truck Line, Inc., supra,* 209 F.2d at 445, 447; *see also Georgia Kraft Co. v. Terminal Transp. Co.,* 343 F.Supp. 1240, 1246–47 (E.D.Tenn. 1972).

In the instant case, there is no allegation of any legal or contractual relationship between Norton McMurray and Louise Hammond. Moreover, there is no indication that the Nebraska Supreme Court has or will adopt this approach as a basis for indemnity.

Norton McMurray also contends that relief by indemnification can be granted under the active-passive negligence approach. *See* D. Busick, *Contribution and Indemnity between Tortfeasors in Nebraska,* 7 Creighton L.Rev. 182, 198–201.

To date, the Nebraska Supreme Court does not appear to have passed on the question of indemnity to a passive joint tortfeasor against an active one, *see Danny's Constr. Co. v. Havens Steel Co., supra,* 437 F.Supp. at 93; *Farmers Elevator Mut. Ins. Co. v. American Mut. Liability Ins. Co.,* 185 Neb. 4, 14–15, 173 N.W.2d 378, 385 (1969); *see also* D. Busick, *Contribution and Indemnity between Tortfeasors in Nebraska,* 7 Creighton L.Rev. 182, 201 (1974), and, under the circumstances of this case, the Court does not believe that the application of this approach would be warranted.

With respect to Norton McMurray, the plaintiffs allege the following: The Nebraska Natural Gas Company purchased a compressor coupling from Norton McMurray which was used to join a length of pipe manufactured by DuPont and was incorporated into the gas distribution system of the Nebraska Natural Gas Company near the Pathfinder Hotel. On or about January 10, 1976, the DuPont pipe containing natural gas separated from the Norton McMurray coupling and the gas ignited, causing the deaths of the plaintiffs' decedents who, as the Court noted earlier, were on the hotel premises in the regular course of their employment. Therefore, plaintiffs allege that Norton McMurray, by a variety of negligent acts and omissions, caused the separation of the pipe, the subsequent explosion and the deaths of the plaintiffs' decedents.

Aside from the allegation that Louise Hammond had the last clear chance to avoid the accident, which allegation the Court has previously discussed, Norton McMurray's third-party complaint simply reasserts the defense raised in its answer, to-wit: that the deaths of the plaintiffs' decedents were proximately caused by the *active* negligence of Louise Hammond. Yet, Norton McMurray's mere recitation of words such as active and passive to respectively describe the negligence of Louise Hammond and itself does not state a claim for indemnity. *Danny's Constr. Co. v. Havens Steel Co., supra,* 437 F.Supp. at 93–94. Rather, it appears from the record that Norton McMurray was more than passively negligent. The plaintiffs' complaints clearly charge Norton McMurray with actual wrongdoing.

As this Court stated in *Danny's:*

If in the original action the Court should find that plaintiff's allegations of breach of contract or tortious conduct by Havens are true, Havens may not relitigate the same question of its own culpability in a separate claim against the codefendants. Havens does not suggest that if it is

liable to the plaintiff, its culpability is constructive, technical or founded solely on rules of law which impose nondelegable responsibility without regard to active or actual fault. The plaintiff's complaint charges Havens with actual wrongdoing. The complaint and cross-claim are not susceptible to the interpretation that acts or omissions by others had the result of imposing purely derivative or vicarious liability upon Havens. Nor has Havens alleged a contractual right to indemnity from the cross-defendants.

*Danny's Constr. Co. v. Havens Steel Co., supra,* 437 F.Supp. at 94.

Therefore, the Court is of the opinion that Norton McMurray has failed to state a claim for indemnification; that part of its third-party complaint should be dismissed.

Orders shall issue contemporaneously with this Memorandum Opinion.