Sanford SIMON et al., Plaintiffs-Respondents,

v.

KANSAS CITY RUG COMPANY, Inc., et al., Defendants-Third Party Plaintiffs-Appellants,

v.

SERVICEMASTER SERV–OPP INTERNATIONAL CORPORATION, a Corp., Third Party Defendant-Respondent.

No. 55021.

Supreme Court of Missouri, Division No. 1.

Dec. 14, 1970.

William R. Fish, Knipmeyer, McCann & Millett; Kansas City, for appellants.

Roy A. Larson, Jr., Sprinkle, Carter, Larson & Hanna, Kansas City, for respondent-third party defendant, Service Master Serv-Opp International Corp.

HOUSER, Commissioner.

Appeal from an order sustaining a motion to dismiss a third party petition. The order was designated a final order for the purpose of appeal. See Civil Rule 82.06, V.A.M.R.

Plaintiffs filed suit in the Circuit Court of Jackson County, Missouri on December 6, 1967, seeking $300,000 damages for personal injuries and property damage alleged to have been sustained by them on December 6, 1965 as a result of the negligence of Kansas City Rug Company, Inc., a Missouri corporation, employed by plaintiffs to clean a rug in their home in Prairie Village, Kansas. Count I of the petition charged rug company with negligence, carelessness and recklessness in the use of its equipment, and in the use of dangerous materials and substances in coming upon the premises to clean the rug, in that it (1)

used unsafe materials, substances and equipment; (2) failed to warn and notify plaintiffs of said unsafe materials, substances and equipment and as to its use; (3) failed to ventilate properly, and (4) knew or should have known they were using unsafe materials, substances and equipment that were likely to cause damage. Alternatively, Count II alleged that in attempting to clean the carpet rug company used various dangerous materials and substances to plaintiffs' damage; that rug company was in sole and exclusive control of the materials, substances and equipment used, and had superior knowledge or means of information as to the cause of the casualty, which ordinarily would not have happened if those in control had exercised due care; and that the casualty was proximately caused by rug company's negligence. Count III was based on breach of contract. Count IV was based upon misrepresentation. Additional counts for loss of services were alleged.

Rug Company filed a general denial of each paragraph of each count of plaintiffs' amended petition and, seeking full indemnity, on December 19, 1968 filed a third party petition in three counts against its supplier, Servicemaster Serv-Opp International Corporation, an Illinois corporation, hereinafter "Serv-Opp," praying for the amount of any judgment which might be rendered against rug company and all expenses, costs and attorneys' fees incurred in the defense of the action for damages filed by plaintiffs against rug company. In Count I of its third party petition rug company denied negligence on its part, affirmed its lack of knowledge of the exact nature of the chemicals and compounds used and alleged that they and the equipment used were furnished to rug company by Serv-Opp; alleged that rug company at no time had any knowledge that the chemicals, etc. were likely to be injurious to ultimate users or consumers, and that if plaintiffs prevailed against rug company the latter's liability would be constructive only and because of the neg-

ligence of Serv-Opp in (1) failing to provide safe chemicals, etc.; (2) failing to warn that the chemicals, etc. were unsafe and liable to cause injury to the ultimate users and consumers; (3) failing to warn of the necessity of ventilating premises after use of the chemicals to avoid injury, and (4) negligently furnishing chemicals, etc. which were unsafe and injurious to the health of the ultimate user and consumer when Serv-Opp knew or should have known that they were unsafe and liable to cause injury. Count II was based upon breach of an express warranty. Count III was based upon breach of an implied warranty of fitness.

Service of process on Serv-Opp was obtained through the secretary of state under the provisions of § 351.633, RSMo, L. 1965, p. 559, based upon allegations in the third party petition that Serv-Opp committed negligent and tortious acts in whole or in part in Missouri against rug company, a resident of Missouri. Serv-Opp filed a motion to quash service of process on the ground that Serv-Opp did not commit a tort in Missouri; that this is an indemnity action based upon implied contract and operation of law and therefore does not come within the purview of § 351.633. This motion was overruled.

Thereafter Serv-Opp filed a motion to dismiss the third party petition on the ground that rug company's claim against Serv-Opp was barred by the 2-year Kansas statute of limitations. This motion was sustained and rug company has appealed from the order of dismissal.

■ We have jurisdiction. At the time the appeal was granted plaintiffs Simon, et al. were making a bona fide claim to $300,000 damages in their action against rug company. This fixes the amount in dispute for jurisdictional purposes. Pierce v. Ozark Border Electric Cooperative, Mo. Sup., 378 S.W.2d 504; Crouch v. Tourtelot, Mo.Sup., 350 S.W.2d 799, 803 [5].

Preliminary to a consideration of the merits of the appeal we notice and rule

Serv-Opp's point that the court erred in overruling its motion to quash service of process. Third party defendant Serv-Opp, a foreign corporation, urges that jurisdiction was not obtained over it; that § 351.-633, by which the secretary of state is deemed to have been appointed as the agent of a foreign corporation to accept service of process, applies only in actions arising from or growing out of a tort committed within the State of Missouri; that third party defendant did not commit a tort in Missouri; that since the injury to plaintiffs occurred in the State of Kansas it follows that the tort attributed to third party defendant was committed in Kansas; that this is an action for indemnity, which is a contract, not a tort, action; that § 351.633 has no application to contract actions, and that third party defendant did not appoint the secretary of state its agent to accept service of process in an action in contract.

█ A third party petition is to be construed broadly and favorably to a third party plaintiff. Jackman v. Century Brick Corporation of America, Mo.Sup., 412 S.W. 2d 111, 116 [4]. Paragraphs 1 and 2 of Count I of the third party petition allege that the acts of third party defendant Serv-Opp "were committed in whole or in part in Kansas City, Jackson County, Missouri" and that by reason of these negligent and tortious acts committed in the State of Missouri third party defendant thereby appointed the secretary of state as its lawful agent for the service of process. (These same allegations were incorporated by reference in Count II and III.) These allegations, together with the four allegations of specific negligence summarized above, lead inevitably to the conclusion that this third party petition is an action "against [a] foreign corporation arising from or growing out of [a] tort" alleged to have been committed "in whole or in part in Missouri against a resident * * * of Missouri," within the meaning of § 351.633, supra. There was no error in overruling Serv-Opp's motion to quash service of process.

On the merits: The circuit court dismissed rug company's third party petition on the ground that it was barred by the 2-year statute of limitations of the State of Kansas. Kansas Statutes Annotated § 60–513. Rug company contends that in so doing the court erred; that the Kansas statute of limitations is not applicable but, even if applicable, had not run at the time the third party petition was filed; that the applicable limitations statute is § 516.120, RSMo 1959, V.A.M.S., which provides a 5-year limitation period. Conceding that if this is an action for indemnity the statute of limitations has not run (because at the time the third party petition was filed the rug company had not become obligated to pay a judgment) Serv-Opp contends that rug company's third party petition does not state a cause of action for indemnity. Its position is that this is a tort action for damages which is barred by the 2-year Kansas statute of limitations.

An examination of plaintiffs' petition and rug company's third party petition reveals that this is an action for indemnity for a liability arising in tort, under the principles announced in Woods v. Juvenile Shoe Corporation of America, Mo.Sup., 361 S.W.2d 694; Kansas City Southern Ry. Co. v. Payway Feed Mills, Inc., Mo.Sup., 338 S.W.2d 1; McDonnell Aircraft Corp. v. Hartman-Hanks-Walsh Painting Co., Mo.Sup., 323 S.W.2d 788; Barb v. Farmers Ins. Exchange, Mo.Sup., 281 S.W.2d 297. Reading the two pleadings together and taking as true rug company's allegations, Serv-Opp is revealed as the original and primary wrongdoer in that it knowingly supplied unsafe and injurious chemicals without giving warning, and while rug company was also negligent in using them in plaintiffs' home it did so without knowledge of the likelihood of injury, and therefore its conduct was passive and its liability constructive or secondary only. If rug company establishes the allegations of the third party petition upon trial on the merits it would be entitled to be indemnified to the extent that it is made liable, under Restatement, Restitution § 93(1), imposing the

**600**

duty of indemnity for tort liability to a third person where a person has supplied to another a chattel which because of the supplier's negligence is dangerously defective for the use for which it is supplied, where the indemnitee used the chattel in reliance upon the supplier's care and if, as between the two, such reliance was justifiable. 41 Am.Jur.2d, Indemnity, § 20, p. 709, fn. 6; Crouse v. Wilbur-Ellis Co., 77 Ariz. 359, 272 P.2d 352. Manning Mfg. Co. v. Hartol Products Corporation, 2 Cir., 99 F.2d 813.

Therefore, although the action arises from and grows out of a tort, the action is not strictly speaking a tort action governed by the statute of limitations referable to torts, but is an action to recover indemnity. Where the indemnitee's liability for a tort is constructive or secondary the statute of limitations against his right to recover indemnity from the primary wrongdoer "commences to run against him from the time he has paid, or has been compelled to pay a judgment recovered by the injured person, and not from the time of the commission of the tort." 41 Am.Jur.2d, Indemnity, § 39, p. 729; "Running of Statute of Limitations Against Claim for Contribution or Indemnity Based on Tort," 20 A.L.R.2d 925, 927. It is unquestioned that plaintiffs had not recovered judgment against rug company, and rug company had not paid anything to plaintiffs either under a judgment or by way of settlement of claims, at the time rug company's third party petition was filed. Therefore, no matter which party is correct as to which statute of limitations applies (Kansas or Missouri), neither limitation period had commenced to run at the time of the filing of the third party petition, and the court erred in dismissing it on the basis of limitations.

Accordingly, the order is reversed and the cause is remanded with directions to reinstate the third party petition.

WELBORN, C., not sitting.

HIGGINS, C., concurs.

PER CURIAM:

The foregoing opinion by HOUSER, C., is adopted as the opinion of the court.

All of the Judges concur.