■   ROSEMARIE BLUM, Appellant-Respondent, v GOOD HUMOR CORPORATION, Respondent-Appellant.—In an action for indemnification, the parties cross-appeal from an order of the Supreme Court, Nassau County, dated May 18, 1976, as follows: (1) plaintiff from so much of the order as denied the branch of her motion which sought the striking of the affirmative defense of laches from defendant's answer and (2) defendant from so much of the order as granted the branch of plaintiff's motion which sought the striking from the answer of the affirmative defense of Statute of Limitations. Order affirmed insofar as appealed from, without costs or disbursements. On July 12, 1970 the plaintiff, Rosemarie Blum, while driving her automobile, struck and injured one James Geraghty, two years and eight months old, who had just purchased ice cream from a truck allegedly owned by the defendant Good Humor Corporation, as he emerged from between the truck and an automobile parked behind it. An action was brought on behalf of the infant solely against the plaintiff herein and was subsequently settled for the sum of $70,000 on February 15, 1974. The defendant was not included in either the lawsuit or the settlement. About 13 months later, on March 2, 1975, the plaintiff commenced this action against the defendant for contribution. New York is in accord with the general rule that such a claim does not accrue at the time of the commission of the tort, but rather at the time of payment of the underlying claim (Prosser, Torts [4th ed], p 309). This rule has been applied both to third-party complaints and separate actions (see *Musco v Conte,* 22 AD2d 121). Since the cause of action for contribution is based upon the fiction of an implied contract to ameliorate any inequity which results when a tort-feasor pays more than his share of the common liability (see *Johnson v Harvey,* 84 NY 363), the six-year Statute of Limitations relating to implied contract is applicable (see CPLR 213). We therefore affirm the striking of the affirmative defense of Statute of Limitations. But, in addition, the defendant interposed the defense of laches, claiming undue delay in the commencement of the action which imposed great prejudice upon it. We believe that defense is sufficient at law. Defendant contends that at no point from the day of the accident on July 12, 1970, through the date of settlement, February 15, 1974, until the date of the commencement of the action, March 2, 1975—a period exceeding four years,

was it, or for that matter, its employee-operator of the truck, named in or put on notice of the action or settlement. Moreover, it appears that the truck driver was never identified, the police report never mentioned the presence of an ice cream truck and the defendant was never informed of the incident. We note that even though this was a pre-*Dole v Dow Chem. Co.* (30 NY2d 143 [March 22, 1972]) accident, and that the plaintiff was initially precluded from impleading the defendant Good Humor Corporation under the passive-active dichotomy, our courts gave *Dole* retroactive effect, even in cases where impleader may have been attempted but was previously barred (see *Mosca v Pensky,* 41 AD2d 775). Thus the plaintiff herein could have brought the defendant into the underlying action almost two years prior to the settlement. It has long been held that a court may, where the facts alleged show a proper case for equitable relief, assume equitable jurisdiction of an action for contribution *(Rindge v Baker,* 57 NY 209), for the right to contribution is based upon principles of justice and equity which demand that those voluntarily assuming a common burden shall bear it proportionately. One party shall not be subject to bear more than his just share to the advantage of his co-obligors *(Asylum of St. Vincent de Paul v McGuire,* 239 NY 375). We believe that this is such a case. In our opinion a gross injustice may be caused by allowing an inordinate time to elapse before a determination is made of the proportional responsibilities of all of the defendants. Therefore, although the action is not time-barred, the merits of defendant's affirmative defense of laches cannot be deemed insufficient as a matter of law and should be decided upon trial. Martuscello, J. P., Rabin and Mollen, JJ., concur; Cohalan, J., concurs in the affirmance of the grant of the branch of plaintiff's motion which sought to dismiss the affirmative defense of Statute of Limitations, but otherwise dissents and votes to modify the order by granting the branch of her motion which sought to dismiss the affirmative defense of laches, with the following memorandum: Special Term, Nassau County, granted the branch of plaintiff's motion which sought to strike the affirmative defense of Statute of Limitations and denied the branch of her motion to strike the affirmative defense of laches. I would affirm the first holding and reverse the second. Rosemarie Blum (plaintiff), as an operator-owner, was involved in an accident on July 12, 1970 at about 5:00 P.M. when her car struck an infant who was then two years and eight months old. The child had come to the scene attracted by the Pied Piper lure of a Good Humor truck. After purchasing an ice cream cone, and while in the act of crossing the street, he was struck and injured by plaintiff's automobile. An action was commenced on behalf of the child. It was settled in February, 1974. An order of compromise, having the effect of a judgment (see CPLR 1207), was duly entered, after which a payment of $70,000 was made in full satisfaction. Blum now seeks contribution pursuant to CPLR 1402 to reimburse her, in whole or in part, for the moneys she has expended in defending and settling the infant's suit. Because of the protracted process of the infant's action and because, too, Blum waited 13 months before suing over against the Good Humor Corporation (Good Humor), the latter contends that it may interpose the defense of laches. The applicable Statute of Limitations (six years) is found in CPLR 213 (subd 1), which speaks of "an action for which no limitation is specifically prescribed by law". The instant (Blum) action did not accrue until the payment was made in obedience to the infant's compromise order; and it was only then that the six years began to run. As noted in New York Jurisprudence (vol 36, Limitations and Laches, § 154, pp 141-142): "Laches is a doctrine peculiarly applicable to suits in equity; it does not operate to bar actions at law. Thus, laches is no

defense to an action at law commenced within the period fixed by the statute of limitations." This view is supported by case law in *Appleton v National Park Bank of N. Y.* (211 App Div 708, affd 241 NY 561). There, in an action in aid of attachment under sections 922 and 943 of the Civil Practice Act (now contained in CPLR art 62), the question of the sufficiency of an affirmative defense of laches interposed in the answer was before the court for disposition. The First Department held that (p 714): "The second affirmative defense is also insufficient. It sets up laches, which is no defense to an action at law where the same is commenced within the period fixed by the Statute of Limitations. Nor has there been any act of plaintiff, or either of them, constituting a waiver of right, or election of remedy, or estoppel." New York Jurisprudence discusses enforcement of contribution (vol 10, Contribution, § 15, pp 476-477): "The action to enforce contribution is based on a failure to discharge the equitable duty imposed on the defendant, which is derived from the principle of natural justice lying at the root of the doctrine of contribution. Contribution was at one time enforced only in a court of equity. Later, however, courts of law assumed jurisdiction, and it is now settled that an action at law will lie on an implied contract of reimbursement * * * The remedy existing at law for enforcing contribution is usually resorted to when the case is not complicated, and such remedy does not affect the more extensive and efficient jurisdiction of a court of equity." Until 1974 (L 1974, ch 742, § 1, eff Sept. 1, 1974), if a plaintiff litigant recovered against two defendants in a negligence action, each defendant was liable for 100% of the recovery, subject to recouping 50% from his co-tort-feasor, irrespective of percentage of culpability. The amendment to CPLR 1402 provides that: "The amount of contribution to which a person is entitled shall be the excess paid by him over and above his equitable share of the judgment recovered by the injured party". This does not make the action one in equity. It is still basically an uncomplicated action at law—bottomed on negligence—wherein the parties are entitled to a trial by jury to determine their respective percentages of culpability. The suit of the child antedated *Dole v Dow Chem. Co.* (30 NY2d 143 [March 22, 1972]). Thus, when the action against Blum was commenced, the infant, by his guardian ad litem, could dictate the course of his case by suing—or not suing—anyone he thought in any way liable to him. He selected Blum and Blum only. At that time she could not have brought Good Humor into the case by third-party action. (See *Fox v Western N. Y. Motor Lines,* 257 NY 305 and former CPLR 1401 [repealed by L 1974, ch 742, § 1].) The defendant makes much of the 13-month hiatus between the payment by Blum to the infant and the commencement of the action over at bar for contribution. Yet nothing happened in that 13-month period that in any way has worked to the legal detriment of Good Humor. According to its own argument that laches is a defense, it claims that the truck was not identified, that the fact of the accident was never reported to it, and that the police report made no mention of a Good Humor truck. All of these factors were present at the time of the 1970 accident. Yet, as shown, Blum, by reason of the course she pursued, could not sue Good Humor for contribution until she paid the money to the infant. Hence the 13 months could just as well have been 13 days or 13 minutes so far as additional claimed deteriment to Good Humor is concerned. Its argument might better be directed to the Legislature rather than to the court. I would strike the affirmative defense of laches.